* The opinion of the Court was delivered by [ * 146 ]
Parsons, C. J.
After considering the several points made in this cause by the counsel, we are satisfied that the question submitted must be decided according to the legal construction of the act incorporating the proprietors of this turnpike. We are not prepared to deny a right in the General Court to discontinue, by statute, a public highway. It is an easement common to all the citizens who are represented in the legislature. The authorizing of the erection of bridges over navigable waters is, in fact, an exercise of a . similar right. We are also satisfied that the rights legally vested in this, or in any corporation, cannot be controlled or destroyed by any subsequent statute, unless a power for that purpose be reserved to the legislature in the act of incorporation (a)
*140 In the consideration of the provisions of any statute, they ought to receive such a reasonable construction, if the words an' subject-matter will admit of it, as that the existing rights of the public, or of individuals, be not infringed. And we are of opinion that this act of incorporation reasonably admits such construction. The corporation had a right to make the turnpike over such parts of the old road as lay in their way. This affects no existing rights, as the easement remains. But before we construe the statute as giving an authority to obstruct a former highway by erecting a gate thereon, it should appear that such construction is necessary to give a reasonable effect to the statute. In this case, no such necessity appears; but from the case as stated, it appears that the corporation might have exercised their right to erect a gate, and to receive the toll, as empowered by the statute, without impeding the travel on the old highway. The statute authorizes the corporation to erect a gate on the turnpike-road near the dwelling-house of Joseph Hunt; and it is agreed in the case, that a gate might have been erected on the turnpike, and near the dwelling-house of J. Hunt, and not upon any part of the old highway. This gate, being on the old highway, is a public nuisance, and the defendant had a right to abate it. Let the plaintiff be called.

 There is an implied reservation m every legislative grant, that the property or right granted may be taken for the public use, when public necessity or utility re quires it, paying therefor a reasonable compensation. — Puff book 8, c. 5, § 7. — Presb. Church vs. City N. Y. 5 Cowen, 541, 542. — Stuyvesant vs. The Mayor N. Y. 7 Cowen, 604, 605. — Beckman vs. S. & S. Railroad Co. 3 Paige, 72, 73. — Providence Bank vs. Billings & Al. 4 Peters, 563 — Vanderbilt vs. Adams, 7 Con. 749.