* Per Curiam.
It is an unquestionable principle of [ * 71 J the common law, that all navigable waters belong to the sovereign, or, in other words, to the public; and that no individual or corporation can appropriate them to their own use, or confine or obstruct them, so as to impair the passage over them without authority from the legislative power. It is upon this principle that so many acts of our legislature have been passed, authorizing the building of bridges over various rivers and streams within the commonwealth.
In this case, no such authority has been given; and the only claim of a right to continue the bridge rests upon the antiquity of the bridge, and the laying out of a road over the river in the year 1771. But we think that neither of these facts sanctioned the *84 obstruction of the river, so as to prevent those who had occasion to transport vessels up and down from removing it, if necessary to a safe and convenient passage. Public rights cannot be destroyed by .ong-continued encroachments; at least, the party who claims the exercise of any right inconsistent with the free enjoyment of a public easement or privilege, must put himself upon the ground of prescription ; unless he has a grant or some valid authority from the government, and a right by prescription does not exist in the present case.
With respect to the act of the Sessions in 1771, laying out a road across the river, nothing can be inferred from it in favor of the plaintiffs, because it was an act without authority, and void in law; as was determined in the case of the Commonwealth vs. Coombs, (a) The only question remaining, then, is, whether the doings of the defendant, in cutting down and removing the bridge, were justifiable on his part. And it is clear that, when any public way is unlawfully obstructed, any individual, who wants to use it in a lawful way, may remove the obstruction ; and it is settled that he may even enter upon the land of the party erecting or continuing the obstruction, for the purpose of removing it, doing as little damage as possible to the soil or buildings. Here nothing more • L * 72 ] was * done than was necessary to procure a safe passage for the defendant’s vessel; and we are satisfied that no trespass was thereby committed by him. (b)

Plaintiffs nonsuit

ADDITIONAL NOTE.
[See Hart vs. Mayor, &c., 9 Wend. 571. — Rogers vs. Rogers, 14 Wend. 131. — Wetmore vs. Tracy, 14 Wend. 13. — Meeker vs. Van Rensselaer, 15 Wend. 397. — State vs. Hyde, 11 Conn. 541. — Burnham vs. Hotchkiss, 14 Conn. 311. — Bemis vs. Clark, 11 Pick 452. — Baker vs. Boston, 12 Pick. 184. — Rowe vs. Granite, &c., 21 Pick. 344.
A building erected upon the public square of a town is a public nuisance, which maybe abated by any person aggrieved.—Rung vs. Shoneberger, 2 Watts, 23. But in the same state, (Pennsylvania,) it is held that a mill-dam, erected over a navigable stream by the owner of the land through which it passes, is not a public nuisance, to which the common law remedy of abatement may be applied.— Criswell vs. Clugh, 3 Waits, 330.
In an action for a nuisance, created by obstructing a stream made navigable by law, the owner of the erection is liable to an action, if the injury be remotely produced by causes which might have been foreseen, such as ordinary periodical freshets, or an accumulation of ice; otherwise, if by an act of Providence, which could not have been foreseen —Bell vs M'Clintock, 9 Watts, 119. — See Roush vs. Walter, 10 Watts, 86. —F. H.]

 [2 Mass. Rep. 489. — Commonwealth vs. Inhabitants of Charlestown, 1 Pick. 180. --Ed.]

 [Walcs vs. Stetson, 2 Mass. Rep. 143. — Ed.]