Parker, C. J.,
delivered the opinion of the Court. In the case of Hodges vs. Raymond & al., cited from 9 Mass. Rep. 316, the common law doctrine is recognized ; one, having a right to a watercourse to carry his mill, may justify entering upon the land of one who has erected any obstruction, to remove it. That is precisely the case of the defendant in this action ; unless the purpose for which the dam was erected by the plaintiff, namely, to irrigate and fertilize his meadow, forms an exception to the general rule of law.
*338 According to the case cited from 1 Wils. 175, the plaintiffs had no right to adopt any new measure to irrigate *their land, the consequence of which would be injurious to the priyilege below. But it has been urged, u'$tt the case of Weston vs. Alden is an authority in point, to establish the right claimed by the plaintiffs. There is, however, this difference between that case and the one now before us., In that case, there was no obstruction to the course of the water; sluices-were made for it into the land of the defendant in that action, and the water, after washing his lands, still passed down the natural channel. Nor does it appear in that case, that the plaintiff had acquired a' right by prescription to the use of the stream, to carry works which had been erected and maintained at expense ; but he had merely enjoyed the natural benefits of the stream, without any labor or expense of his own. In the case before us, the whole stream was stopped, or, at least, so much of it as to render the defendant’s mill entirely useless. There is no principle upon which this can be justified ; and we think that the defendant had a perfect right to remove the gate which occasioned him the injury. The plaintiffs must be called.

Plaintiffs nonsui¿