Garey *v.* Ellis & another.

Rosa Garey *vs.* Charles Ellis & another.

A building, which extends into the harbor of Boston, beyond the commissioners
line established under the acts of 1837, *c.* 229, and 1840, *c.* 35, and which is also
below low water mark, and an obstruction to the navigation, is a public nuisance,
notwithstanding it was erected previous to the passing of those acts.

This was an action on the case, against the defendants, for
negligence in running their vessel against a building belong-
ing to the plaintiff, and injuring the same.

The trial was before *Wells,* C. J., in the court of common
pleas.

The defence was placed on two grounds, first, that the building extended beyond and projected over the line of the harbor of Boston, as established by commissioners, under the acts of 1837, c. 229, and 1840, c. 35, and was a nuisance; and, second, that the building extended over the channel of the harbor and below low water mark.

The defendants introduced evidence to prove, that the building extended beyond the commissioners' line, and was below low water mark, and was an obstruction to those having occasion to navigate that portion of the channel over which it was placed.

The plaintiff then offered evidence to show, that before the acts referred to were passed and the line run, as well as at the time when the line was run, the plaintiff's building was located and stood in the same place, extending and projecting as far as it then did beyond and over the line; and contended, that by the acts above mentioned all erections so existing were legalized, and could not in law be regarded as nuisances.

But the court ruled, that if the plaintiff's building had been so erected previous to the passing of the act, and had so remained previous to, at the time and ever since, the running of the line, this fact would not constitute a justification or license to the plaintiff, provided the building were below low water mark, and an obstruction to the navigation.

The jury found a verdict for the defendants, and the plaintiff filed exceptions.

*C. M. Ellis*, for the defendants.

There was no appearance for the plaintiff.

BY THE COURT. By the law, as it stood before the passing of the statutes of 1837, c. 229, and 1840, c. 35, any building beyond the line of low water mark, upon navigable tide waters, was an encroachment upon public right, and, if it obstructed navigation, was a public nuisance. The building, which is the subject of the alleged injury in the present case, is found by the jury to be below low water mark, and to be an obstruction to navigation. The plaintiff, being herself a

wrong-doer, in having her building there, can maintain no action for the alleged damage. *Arundel* v. *M'Culloch,* 10 Mass. 70. The direction complained of was right, and the exceptions are overruled.

*Judgment for the defendants.*