THADDEUS BRONSON AND OTHERS *vs.* WILLIAM F. TAYLOR.

Where, during the pendency of a suit brought by a turnpike company, its char-
ter was repealed, and at the next term of the court the defendants moved for
further bonds of prosecution, and the attorney for the plaintiffs, with a full
knowledge of all the facts, entered into a recognizance for costs and proeeeded
with the prosecution of the suit till final judgment was rendered against the
company—it was held that he could not set up, against a suit on the recogni-
zance, the repeal of the charter and the non-existence of the company.

SCIRE FACIAS on a recognizance of the defendant for costs
in a suit brought by the Danbury and Ridgefield Turnpike
Company against the present plaintiffs and which was decided
against the turnpike compay.

It was found by the superior court that, while the former
suit was pending, the General Assembly, at its May session,
1860, passed a resolution repealing the charter of the com-
pany, that at the next term of the court thereafter the de-
fendants in the suit moved for further bonds for prosecution,
which were ordered by the court, and that the present
defendant, who was an attorney at law and counsel for the
turnpike company in the suit, thereupon entered into the re-
cognizance in question, and that the defendant claimed that by
reason of the repeal of the charter and the non-existence of the
turnpike company, he was not liable on his recognizance ; and
the question of his liability was reserved for the advice of this
court.    Certain facts with regard to the charter of the turn-
pike company are sufficiently stated in the opinion.

*Averill* and *Brewster*, for the plaintiffs.

*Hawley* and *Taylor*, for the defendant.

PARK, J.   The defence in this case is based upon ground
that does not appear in the finding of facts.   It no where ap-
pears that the charter of the Danbury and Ridgefield Turnpike
Company was ever repealed.   It is true the legislature of the
state at its May session in 1860 passed a resolution that would
effectually nullify the charter, provided this was in the power

Bronson v. Taylor.

of the legislature to do. But the company was chartered without any reservation of such right, and if the legislature possessed it it must have been afterwards acquired. *Enfield Toll Bridge Co.* v. *Connecticut River Co.*, 7 Conn., 28; *Dartmouth College* v. *Woodward*, 4 Wheat., 518; *Fletcher* v. *Peck*, 6 Cranch, 87; *Wales* v. *Stetson*, 2 Mass., 143; 2 Kent Com., 305; Angel and Ames on Corp., § 767, and many other authorities. It appears that long after the company was organized, the legislature passed certain provisions amendatory of their charter, on the condition that if the company accepted them their charter should be subject to repeal. Hence the right to repeal the charter depended upon the acceptance of those provisions. Whether they were accepted or not has never been judicially determined. It was not decided in the former suit in which the defendant gave the bond in question, neither has it been in the present case. The court has found that the legislature in 1860 passed a resolution repealing the charter. But we understand this to mean that the legislature passed a repealing resolution, or a resolution purporting to repeal the charter. The expression was used to describe the character of the resolution, and not the effect it produced.

But if the charter of the company was repealed we are of the opinion that the fact can not avail the defendant under the circumstances of the case. The defendant was the attorney of the company. He had full knowledge of all their records. He was conversant with all the facts. He knew whether the act of the legislature repealed their charter or not. He knew that the other party had not equal means of knowledge upon the subject. He had ample time for deliberation, and volunteered to give the bond in question in order to save the case from nonsuit. The case was afterwards prosecuted through his instrumentality to final judgment. The plaintiffs were compelled to defend, and were subjected to great expense and trouble in consequence. Under these circumstances we think it is too late for the defendant to escape the effect of his bond.

We advise the superior court to render judgment for the plaintiffs.

In this opinion the other judges concurred.