JANE JOHNSON vs. CHARLES DUNN.

Norfolk.    Jan. 31. — March 5, 1883.    FIELD & W. ALLEN, JJ., absent.

A surveyor of highways, who enters upon private land and removes an accumu-
lation of ice and snow in a watercourse thereon, which has caused the water
to overflow and obstruct the highway, is not liable to an action by the owner
of the land for injury done to his lower land by reason of the water overflow-
ing the same and washing away the soil, if the acts of the surveyor were the
necessary means for the removal of the nuisance, and he acted with due regard
to the safety and protection of the land from needless injury.

TORT, for breaking and entering the plaintiff's close in Med-
field, and doing certain acts thereon.    The defendant justified
as a surveyor of highways in that town.    Trial in the Superior
Court, before *Staples*, J., who allowed a bill of exceptions, in
substance as follows :

An ancient watercourse, which flowed across and under the
highway adjoining the plaintiff's land, and through her land, had
become so obstructed by ice and snow in the plaintiff's land that
the water was thereby set back and overflowed the highway
and obstructed the same, rendering it inconvenient and unsafe
for travel.

Complaint of the condition of said highway was made to the
chairman of the board of selectmen of the town, and he re-
quested the defendant, in whose district, as surveyor of highways,
this place was, to remedy said defect in the highway.    The de-
fendant, acting as such surveyor, entered upon the plaintiff's
land and removed the obstructions of ice and snow from said
watercourse, thereby causing the accumulated water to overflow
the banks of the watercourse, and wash away some of the soil
of a piece of ploughed land of the plaintiff lying near the water-
course, but at a considerable distance below, and not in sight from
the place where the defendant worked in clearing out the same.

The judge instructed the jury, that, if the highway was unlaw-
fully obstructed by water, by reason of the negligence of the
plaintiff in not clearing out and keeping open the watercourse
on her land, or by her suffering the same to be filled up with
snow and ice, whereby the water had set back upon the highway,
the defendant had the authority, he deeming the obstruction
to the highway to be a public nuisance, which the safety and

convenience of public travel required him to remove, to enter on the plaintiff's land for the purpose of opening the watercourse, and to clear out the ice and snow therefrom in a proper manner, and so as to let the water upon the highway flow off through the same; the acts of the defendant being necessary means for the removal of the nuisance, and he doing as little damage as possible to the plaintiff's land, and having due regard in whatever he did to the safety and protection of the plaintiff's land lower down on the stream from needless injury by reason of his acts.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Lowell, Jr.*, for the plaintiff.

*J. Hewins*, for the defendant.

DEVENS, J. Upon the facts as they must have been found by the jury under the instructions of the court, the highway was unlawfully obstructed by reason of the negligence of the plaintiff, in permitting an ancient watercourse upon her land to become choked by snow and ice so that the water was set back upon it; and the defendant, acting as highway surveyor, deeming it a public nuisance which his duty required him to remove, entered upon her land, opened the channel of the watercourse in a proper manner, so that the water upon the highway could flow off, the acts done by the surveyor being necessary means for the removal of the nuisance, and due regard having been had by him, in whatever was done, to the safety and protection of the plaintiff's land lower down the stream from any needless injury.

The acts done by a surveyor in that portion of the highway within the limits of his jurisdiction, for the purpose of repairing the same or of removing obstructions therefrom, are strictly within the scope of his official duty ; his judgment is conclusive upon their necessity, the motives upon which he acts are not important, and the only remedy afforded to the landowner is under the provisions of the statute, when an injury occurs such as is there contemplated. *Denniston* v. *Clark*, 125 Mass. 216. The duty of towns to keep their highways safe and convenient, so that travellers may pass and repass thereon at all seasons of the year, is discharged by means of the highway surveyors, who are to remove whatever obstructs or encumbers them, or

whatever may hinder, incommode or endanger those travelling thereon, and their decision is not subject to revision. Gen. Sts. *c*. 44, §§ 1, 8. *Morrison* v. *Howe*, 120 Mass. 565. They are public officers, and not mere servants or agents of the town, and are subjected to severe penalties for a failure to perform their official functions. *Walcott* v. *Swampscott*, 1 Allen, 101. Gen. Sts. *c*. 18, §§ 74, 75.

The instructions do not suggest that there would be any such protection to the defendant in doing the acts complained of as would be afforded had they been done within the limits of the highway. The owner of land through which a watercourse flows may enter upon the land of another lying below his own, and remove any unlawful obstruction which causes the water to flow back upon his land, exercising proper precautions for the safety and protection of the property of him upon whose land he enters. *Hodges* v. *Raymond*, 9 Mass. 316. *Colburn* v. *Richards*, 13 Mass. 420. Where a public way is unlawfully obstructed, an individual may enter on the land of the party erecting or continuing the obstruction, and remove it, doing as little damage as possible to the soil and buildings. *Arundel* v. *M'Culloch*, 10 Mass. 70. *Elder* v. *Bemis*, 2 Met. 599, 601, 605. The instructions apply these principles to the duties of the surveyor who finds the highway obstructed by the act or neglect of a person owning land outside of the highway; and they are sufficiently favorable to the plaintiff. They attribute only to the surveyor the same rights which a private owner has when he finds his land invaded in a similar manner, or which the traveller possesses when he finds his way obstructed. Unless the surveyor may do what the instructions contemplate, there is no public officer competent to act under such circumstances, and the highway must remain impassable, or be swept away by wrongful acts which no individual will undertake to remedy. In subjecting the surveyor who enters upon private lands and removes the obstructions which flow water back upon the highway to the risk of being treated as a trespasser, should the act or neglect be found not to have been unlawful, or should the means adopted by him be found not to have been proper and necessary, the rights of the landowner are fully protected.

*Exceptions overruled.*