CHARLES L. CORTHELL, and another, *vs.* EBEN A. HOLMES.

Washington. Opinion January 23, 1896.

*Way. Nuisance. Pleading. R. S., c. 17, § 5.*

A defendant justified all the acts charged in a declaration as done in the abatement of a nuisance that obstructed a way through and over which he had the right of passage. *Held*; that an obstruction placed within the limits of a public way is a nuisance by common law as well as by statute. The easement of the public is co-extensive with the exterior limits of the way, and the question of nuisance does not depend upon the interruption of travel.

If a nuisance is obstruction to travel, then the traveler's rights are interfered with and he may remove it. Where the defendant in his brief statement avers what he did, was with care and without damage more than necessary, to secure a passage for himself and his teams, agents and servants over the same, and all this is admitted by demurrer, *held*; that it is a good defense to an action of trespass for removing the nuisance.

See *Corthell* v. *Holmes*, 87 Maine, 24.

ON EXCEPTIONS.

This was an action of trespass quare clausum. The defendant pleaded the general issue, with a brief statement, and after a demurrer to the brief statement was sustained, as see 87 Maine, 24, by leave of court filed subsequently an amended brief statement of defense to which amended brief statement the plaintiffs demurred, and the presiding justice overruled the demurrer, to which ruling the plaintiffs excepted.

Amended brief statement :

"And for further defense by way of brief statement, the defendant alleges that the place where the plaintiff in his writ and declaration alleges said trespass to have been committed is, and was for more than fifty years next prior to said alleged trespass, a public way, and was during that time continuously recognized and used by the public, and by the defendant and his grantors, for travel on foot and with teams as a public way in said Eastport between Madison street and the point on Water street where defendant's store is situate ; and said place of the alleged trespass was at the time named in plaintiffs' declaration a public way, to the free and unobstructed use of which the defendant was by law entitled for the purpose of passing to and fro, on foot or with teams, between Madison street and Water street, but the plaintiffs, prior to said alleged trespass, wrongfully and unlawfully encumbered and obstructed said way by placing thereon the fences, gates, clothes-dryer, platform and steps, rocks, and other material named in his said declaration as having been destroyed or removed by the defendant, and said fences, gates, clothes-dryer, platform and steps, rocks, and other material placed in said way by the plaintiff as aforesaid, encumbered the same and obstructed the individual right of defendant in its use, and prevented the use of said way by the public for the purpose of travel as aforesaid, and were a public nuisance, from which defendant suffered special damage beyond that of the public generally, and which obstructed defendant's right to use said way as a means of passing to and fro between his store and Madison street for himself, his teams, agents and servants ; and defendant undertook to pass over and upon said way and was prevented by the encumbrances aforesaid, placed in said way by the plaintiff, and the defendant did thereupon enter on and pass over said way, and for that purpose did remove the encumbrances aforesaid placed there by the plaintiffs, as aforesaid, exercising due care and destroying nothing, causing no damage other than was unavoidable in said removal, which was necessary to enable him to enjoy his right to the use of said way as aforesaid for himself and his teams, agents and servants to pass over said way to and from his store."

Demurrer to brief statement :

"And for causes of demurrer the plaintiffs say that the said statement of defense does not describe the limits or state the dimensions of the public way claimed to exist in the place of said trespasses.

"Said brief statement of defense does not state any matters of fact showing any relation between himself or his property and the place of the alleged trespasses which would justify or excuse the damage and destruction of permanent and valuable erections thereon, or the cumbering the same in the manner and by the means set forth in the plaintiffs' writ and declaration.

"Said brief statement of defense states no matter of fact showing that the defendant suffered any damage or injury from the obstructions or encumbrances in any alleged public way different in its nature from what was suffered by the public.

"The allegations in said brief statement do not show that the defendant suffered any special damage from the obstruction of the alleged way, and the plaintiffs are not bound in law to litigate the question whether there was or was not a public way at said place of said alleged trespasses."

*E. B. Harvey, G. R. Gardner* and *C. B. Rounds*, for plaintiffs.

There is no public way through the plaintiffs' door yard ; and they are not bound to litigate that question here.

Abatement of a nuisance, public or private, by a private person is one mode of redressing a private wrong; and the ethical foundation of the right is precisely analogous to that of the right of self defense.

The punishment of a public wrong is not an element in it. The limitation should bear the same analogy. To destroy or damage another's property by way of abating a public nuisance, merely because it is a public nuisance is no more justifiable than to forcibly take from him the amount of a fine he may have incurred by any other misdemeanor. A person who has suffered no injury for which the law will afford redress in damages in some form of action cannot justify any destruction, damage or amotion of another's property.

If the things whose destruction is complained of in the writ were a nuisance in the way, the right to abate it does not attach to a private person till he suffers a private wrong to be redressed by its abatement, and the wrong must be such as would support a private action. The assertion in the brief statement that he suffered special damages beyond that of the public generally is not an averment of a matter of fact but a conclusion of law to be drawn from facts; and there are no facts stated from which such conclusion can be drawn.

There is nothing in the brief statement inconsistent with the fact that other and easier ways leading between these streets are open to the defendant.

If by building our front yard fence and occupying it with housekeeping conveniences we have hindered or obstructed the public in the use of an easement of a public way, the means provided by law for the public redress are ample and speedy by proceedings, conducted by peaceful official authority moving first to settle judicially the question of the public right before destruction of property, as was done in this case without judicial inquiry or authority.

*A. MacNichol and G. A. Curran,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J. Trespass, q. c. The defendant, by brief statement, justifies all the acts charged in the declaration as done in the abatement of a nuisance that obstructed a public way through and over which he had the right of passage. The plaintiffs might elect to go to trial and require the defendant to prove the truth of his plea; or he might elect to admit the truth of it, and claim that, if true, it was conduct unauthorized by law and therefore no defense to the action. If the declaration had not described the close by metes and bounds, the plea very likely might be held bad for not describing the land upon which the defendant justifies the seeming trespass, and thereby give the plaintiffs opportunity to assign another close as the locus, if the defendant's

acts were not confined to the close described in his plea; but the plaintiffs did describe the close specifically upon which the supposed trespass was committed, and are met by plea justifying the acts upon that close, and, instead of taking issue before the country upon the truth thereof, elected to demur thereto and say, true, your acts were done just as you say they were, but nevertheless they were illegal and in law are no defense. So the question comes, whether the removing of obstructions from a public way by a traveler is a trespass against one who has seen fit to close the way and take possession of the land within its limits.

Any obstruction placed within the limits of a public way is a nuisance at common law, as well as by statute. R. S., c. 17, § 5. The easement of the public is co-extensive with the exterior limits of the way, and the question of nuisance does not depend upon the interruption of travel. *Commonwealth* v. *King*, 13 Met. 115. If the nuisance be an obstruction of travel, then the traveler's rights are interfered with and he may remove it. *Wales* v. *Stetson*, 2 Mass. 143. "The traveler may use any part of the way to travel upon and, if obstructed, in the exercise of that right he has a remedy against the person unlawfully placing the obstruction there." *Penley* v. *Auburn*, 85 Maine, 281. If a gate be placed across the way, as in *Wales* v. *Stetson*, supra, it would be senseless to say that the traveler by removing it would commit a trespass. Or that, as in *Dickey* v. *Telegraph Co.* 46 Maine, 483, where a telegraph wire hung so low as to catch the top of a stage and overturn it, the traveler might not lawfully have removed it and prevented the mischief resulting in that case; and, as the court say in *Banks* v. *Highland Street Railway Company*, 113 Mass. 485 : "The wire, at least while looped across the street so that it might be hit by passing carriages, was a nuisance, which any person lawfully traveling on the way and incommoded by it, might remove," citing *Arundel* v. *M'Culloch*, 10 Mass. 70, and *Wales* v. *Stetson*, supra. This doctrine is the logic of *Dyer* v. *Curtis*, 72 Maine, 181; *Holmes* v. *Corthell*, 80 Maine, 31; *James* v. *Wood*, 82 Maine, 173; *Lancey* v. *Clifford*, 54 Maine 487; *Gerrish* v.

*Brown*, 51 Maine, 256; *Veazie* v. *Dwinel*, 50 Maine, 487; *Knox* v. *Chaloner*, 42 Maine, 157, and *Brown* v. *Chadbourne*, 31 Maine, 9.

The defendant's plea avers that he removed the incumbrances, placed in the way by the plaintiff, with due care and without damage more than necessary to secure the passage for himself and his teams, agents and servants over the same. All this is admitted by the demurrer, and it is a good defense.

*Exceptions overruled.*