EDWARD S. BANKS *vs.* HIGHLAND STREET RAILWAY
COMPANY.

Suffolk. Nov. 16, 1883. — Feb. 28, 1884. C. ALLEN & HOLMES, JJ.,
absent.

If a person in the employ of a telegraph company, which has not obtained the
writing from the mayor and aldermen required by the Gen. Sts. *c.* 64, § 3,
specifying the places where the company may run its wires upon a highway of
a city, while engaged in climbing a telegraph pole on such highway, with his
back to the street, and carrying a telegraph wire attached to his person, is
injured by a street railway car running against the wire, which extends across
the highway, and pulling him from the pole, he is doing an illegal act, which
contributes to cause his injury, and precludes his maintaining an action there-
for, unless the driver of the car recklessly and wantonly drives against the wire;
and § 5263 of the U. S. Rev. Sts. has no application to the case.

TORT for personal injuries occasioned, on April 30, 1881, to
the plaintiff, who was in the employ of the Western Union Tel-
egraph Company, while engaged in climbing a telegraph pole on
Columbus Avenue in Boston, and carrying a telegraph wire
attached to his person, by a car of the defendant corporation
running against the wire, which extended across the highway,
and pulling the plaintiff from the pole. At the trial in the Su-
perior Court, before *Gardner*, J., the jury returned a verdict for
the plaintiff; and the defendant alleged exceptions. The facts
appear in the opinion.

*J. Hewins*, for the defendant.

*H. Wardwell*, for the plaintiff.

COLBURN, J. It was not the purpose of the U. S. Rev. Sts.
§ 5263, to deprive the States of the right to regulate, to a rea-
sonable extent, the manner in which lines of telegraph shall
be constructed over and along post-roads of the United States.
*Pensacola Telegraph* v. *Western Union Telegraph*, 96 U. S. 1.
There is no conflict between the Gen. Sts. *c.* 64 (Pub. Sts. *c.* 109)
and the statute of the United States ; and, so far as any ques-
tion arises in this case, that statute may be disregarded. The
Gen. Sts. *c.* 64, § 2, provide that incorporated telegraph com-
panies " may, under the provisions of the following section, con-
struct lines of electric telegraph upon and along the highways
and public roads ; " and § 3 provides that the mayor and alder-
men shall give the company a writing, specifying, among other

things, the "height at which and the places where the wires may run." This writing is to be recorded in the records of the city. In this statute, the word "upon" includes crossing a way by the wires.

As the telegraph company had no such writing, it had no right to run its wires across Columbus Avenue, as the plaintiff was doing, at the time of his injury. The wire, at least while looped across the street, so that it might be hit by passing carriages, was a nuisance, which any person lawfully travelling on the way, and incommoded by it, might remove. *Arundel* v. *M'Culloch*, 10 Mass. 70. *Wales* v. *Stetson*, 2 Mass. 143.

The plaintiff was carrying the wire, looped across the street, attached to his person, and with his back to the street, so that, if the wire was struck, he would be pulled from the pole which he was climbing. He was not only doing an unlawful act, but doing it in a manner peculiarly dangerous to himself. What the plaintiff was doing was not merely a condition; it was a directly contributory cause of his injury.

The car was lawfully passing upon the street, and could not continue its course without striking the wire. The driver of the car, when he saw the wire, had no right to drive on without care or concern for the consequences; but the defendant was not liable to the plaintiff for mere error of judgment on the part of the driver of the car.

The jury should have been instructed, not only that the plaintiff was doing an illegal act, but that his illegal act contributed to his injury; and that he was not entitled to recover, unless he satisfied them that the driver of the car recklessly and wantonly drove against the wire.              *Exceptions sustained.*