GEORGE W. YOUNG *vs.* SOUTH BOSTON ICE COMPANY.

Suffolk.   November 19, 1889. — January 3, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Negligence — Master and Servant.*

In an action against an ice company for personal injuries sustained by the plaintiff in a collision with one of its ice-carts, there was evidence that the driver of the cart was employed to drive it along a route in delivering ice to the defendant's customers; that, as the plaintiff was driving along the right side of a street on the route, the driver, who came up on the other side from the opposite direction, drove diagonally across the carriageway to avoid a wagon there standing, whereupon the plaintiff came to a standstill; and that the driver, though requested by the plaintiff to stop the cart, carelessly ran into the plaintiff's carriage, causing the injuries. At the trial, the judge refused to instruct the jury, as requested by the defendant, that if there was sufficient space to drive said ice-cart to the right and avoid a collision, and it was not necessary for the defendant's servant to drive said ice-cart across said middle of the travelled part of the highway in order to transact his master's business, such act of the servant, if the injury complained of was thereby inflicted, was not one for which the defendant could be held responsible. *Held,* that the defendant had no ground of exception.

TORT for personal injuries sustained by the plaintiff while driving in a highway, in a collision with an ice-cart of the defendant. Trial in the Superior Court, before *Sherman,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff's evidence tended to show that, on July 5, 1888, as he was driving along Harrison Avenue in a southerly direction on the westerly or right-hand side of the middle of the carriageway, the ice-cart in question came up from the opposite direction along the other side of the avenue ; that the cart was driven along its regular route by an employee of the defendant, who was delivering ice from time to time from it to the defendant's customers; that as the cart approached the plaintiff's carriage the driver, for the purpose of avoiding a wagon which was standing on that side of the carriageway, drove diagonally across the street; and that thereupon the plaintiff brought his horse to a standstill, and called to the driver to stop the cart, but that the driver paid no attention to him, and carelessly drove the

cart into the plaintiff's carriage, throwing him out and causing the injuries.

The defendant contended that, if the plaintiff's story was true, the act of the defendant's servant was not one for which the defendant could be held liable, and asked the judge to instruct the jury as follows:

" If the jury find that at the time of the collision the plaintiff's team was at a standstill on the right-hand side of the middle part of the travelled way, and the defendant's ice-cart was driven diagonally across the middle part of the travelled way by the defendant's servant against the plaintiff's carriage, after being requested to stop by the plaintiff, and there was sufficient space to drive said ice-cart to the right and avoid a collision, and the injury complained of was thereby inflicted, and it was not necessary for the defendant's servant to drive said ice-cart across said middle of the travelled part of the highway in order to transact his master's business, such act of the defendant's servant is not one by which the defendant company can be held responsible, and the verdict must be for the defendant."

The judge refused to give this instruction, but submitted the case to the jury upon instructions not otherwise excepted to. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. K. Hamilton*, for the defendant.

*B. Hall*, for the plaintiff.

KNOWLTON, J.   The defendant's servant was employed to drive an ice-cart along the streets for the purpose of delivering ice to the defendant's customers.   The question presented by this bill of exceptions is whether the facts set out in the request for instructions, if found by the jury to be true, would have precluded them from also finding that at the time of the collision the defendant's servant was acting within the general scope of his employment.   If he was so acting, the defendant is liable for his act, even though it may have been wilful.   *Howe* v. *Newmarch*, 12 Allen, 49.   *Holmes* v. *Wakefield*, 12 Allen, 580. *Ramsden* v. *Boston & Albany Railroad*, 104 Mass. 117.

If all the facts were proved according to the assumption in the defendant's request, we think they were not necessarily in-

consistent with the plaintiff's theory. Upon the question raised, the jury might consider all the evidence, and it was competent for them to find that, at the time of the collision, the driver drove against the plaintiff's carriage in trying to do the defendant's business, and that he was acting within the general scope of his employment. The request for instructions was rightly refused.

*Exceptions overruled.*