JOSEPH J. McKEON *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

ANN McKEON *vs.* SAME.

Hampden.    November 18, 1902. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence,* Liability to trespasser.  *Railroad.  Master and Servant.*

A railroad company is liable to a boy, who, when stealing a ride on the front plat-
form of the baggage car of a passenger train, is recklessly pushed from the car
by a brakeman of the company while the train is in motion, and is injured by
falling under it.

The act of a brakeman in pushing a boy from the platform of a baggage car of a
passenger train going "pretty fast" shows such a disregard of consequences
that it may be found to be reckless and wanton, whether the brakeman intended
to injure the boy or not.

It is within the scope of the authority of a brakeman on a passenger train to remove
in a lawful manner from the platform of a baggage car one who is riding there
for the purpose of evading his fare, and if such a brakeman recklessly pushes
from the platform a boy who is stealing a ride there, the railroad company is
liable for the consequences of his act.

TWO ACTIONS OF TORT, the first by a minor, for injuries
caused by being pushed from the front platform of the baggage
car of a passenger train of the defendant by a brakeman in the
defendant's employ, and the second by the mother of the plain-
tiff in the first case, for expenses and loss of services caused by
his injuries.    Writs dated June 6, 1901.

At the trial in the Superior Court before *Maynard,* J., it ap-
peared, that the plaintiff, with three other boys, was stealing
a ride on the front platform of the baggage car, which they
boarded at Bridgeport.    The plaintiff and the other boys testi-
fied, that just before the train pulled into the station at New
Haven the brakeman, one Wilson, came out of the baggage car,
seized one of the other boys, and immediately afterwards took
hold of the plaintiff, who had got down on the lower step of the
platform, and pushed him from the car, so that he fell under the
train, which cut off one of his feet.

In regard to the speed of the train the plaintiff testified: " As
the train arrived at this point, we were going pretty fast.    It

had slowed down a little coming into the yard, at the switch tower. That must be about, over one thousand feet from the place where the accident happened. At the time of the accident the train was going so fast we could not get off."

The jury made the special finding quoted by the court. They found for the plaintiff in the first case in the sum of $3,340, and for the plaintiff in the second case in the sum of $677. The defendant alleged exceptions, raising the questions stated by the court.

*W. S. Robinson,* for the defendant.

*J. B. Carroll & W. H. McClintock,* for the plaintiffs.

MORTON, J. These are two actions of tort which were tried together. That of the plaintiff Joseph is for personal injuries alleged to have been caused by his being pushed off a train while in motion by a brakeman of the defendant. The other, by the plaintiff Ann, who is the mother of Joseph, is for expenses and loss of service consequent upon the injury to Joseph. There was a verdict in each case for the plaintiff, and the cases are here upon exceptions by the defendant to the refusal of the judge to give certain rulings that were requested. There was also an exception in regard to the notice; but as that has not been argued we treat it as waived. The judge submitted to the jury the following question which was answered in the affirmative: "Was the plaintiff pushed off the train by the brakeman, Wilson?" Wilson was the brakeman whom the plaintiff charged with having pushed him off.

The principal questions are: 1st, Whether the evidence warranted a finding that the plaintiff Joseph was pushed off by the brakeman; 2d, Whether if he was pushed off the evidence warranted a finding that it was done wantonly and recklessly by the brakeman; and 3d, Whether the defendant is liable for the conduct of the brakeman.

1. The evidence was conflicting on the question whether the plaintiff was pushed off or whether he jumped off and fell and slipped under the train. But without undertaking to review it in detail we deem it enough to say that we think that the evidence was ample to justify a finding that the plaintiff Joseph was pushed off the train by the brakeman. That was the testimony of the plaintiff and his companions. The weight of it,

and the degree of credibility to which it was entitled were for the jury.

2. We also think that the jury were warranted in finding, as they must have found under the instructions of the judge, that the act of the brakeman was wanton and reckless. There was testimony tending to show that the train was going at a dangerous rate of speed when the plaintiff was pushed off. This fact alone, if it was a fact, would show that the act of the brakeman was wanton and reckless. It tended to show such a disregard of consequences that it could be found that his conduct was entirely inexcusable and therefore reckless and wanton. It is immaterial that he did not intend to inflict the injury that occurred. If he was acting within the scope of his duty the defendant is liable as matter of law for the consequences whether they were in fact contemplated or not. The plaintiff was stealing a ride and was a trespasser but neither the defendant nor its servants had the right to inflict wanton and reckless injury upon him. *Leonard* v. *Boston & Albany Railroad,* 170 Mass. 318. *Planz* v. *Boston & Albany Railroad,* 157 Mass. 377. The proximate cause of the plaintiff's injury was the act of the brakeman in pushing him off while the train was in motion. And therefore although the accident would not have happened if the plaintiff had not attempted to steal a ride, that fact did not contribute, except remotely, to the injury, and had no tendency to show that the plaintiff was not at the time of the accident in the exercise of due care. He was wrongfully on the platform, but he would have escaped without injury save for the act of the brakeman. Due care has regard to the actual situation in which the party is at the time of the alleged injury. The fact that he is a trespasser does not of itself show that at the moment of the injury he is not or may not be in the exercise of due care. *Lovett* v. *Salem & South Danvers Railroad,* 9 Allen, 557, 563.

3. The remaining question is whether the defendant is liable for the conduct of the brakeman. It is not unless his action came within the general scope of his authority. If it did, then even though he may have gone beyond the proper limits of his authority, and have been guilty of an unjustifiable trespass, the defendant is liable. *Ramsden* v. *Boston & Albany Railroad,* 104

Mass. 117. It is not every servant of a railroad corporation that has authority to eject trespassers from its property. In order to justify him in doing so, and to render the corporation liable for his acts, the servant must be acting within the scope of his authority, either express or implied. A conductor has implied authority by virtue of his employment to eject a trespasser from the train under his control. *Ramsden* v. *Boston & Albany Railroad, supra,* and cases cited. An engineer would probably have like authority to eject a trespasser from his engine. A brakeman has less authority than either. His duties primarily relate, as his name implies, to the management of the brakes. But common observation shows that on passenger trains they embrace much more, and that so far as the management of the brakes on such trains is concerned, their duties have been largely superseded by the appliances in use. On passenger trains brakemen are required to look after the safety and comfort of the passengers, to protect the property of the company, and to see that fares are not evaded. The rules of the defendant company as well as common observation show this. And while the brakeman in question was not in any just sense a conductor or even a sub-conductor, we think that the jury were warranted in finding as they must have found under the instructions of the judge, that it was within the scope of his authority to remove the plaintiff in a lawful manner from the platform if he was there for the purpose of evading his fare. *Hoffman* v. *New York Central & Hudson River Railroad,* 87 N. Y. 25.

In *Lovett* v. *Salem & South Danvers Railroad, supra,* it was said that it was the right as well as the duty of the driver of a street car to protect the property of the defendant which had been intrusted to his care and management, and the company was held liable for his conduct in compelling a child who had wrongfully got upon the car to leave it while in motion under such circumstances as to render the attempt to get off dangerous and who while attempting to get off in consequence of the threats of the driver was injured. In *Planz* v. *Boston & Albany Railroad,* 157 Mass. 377, the court said it preferred to assume without deciding that it was a question for the jury whether the brakeman from his general employment as such had authority to represent the defendant in ordering a trespasser to leave the

train, — the implication, so far as there was any, appearing to be that even in the case of a freight brakeman he would have authority by virtue of his employment to eject trespassers from the train. Unless brakemen upon passenger trains have, as incident to their employment, the power to remove trespassers, it would seem that the companies would not receive the full benefit from their services to which they were entitled, and that the brakemen would or might be embarrassed in the discharge of their duties. We think that the jury were warranted in finding that the brakeman was justified in believing from the circumstances under which he found the plaintiff and his companions on the platform, that they were there for the purpose of evading their fare, and that, in doing what he did, he was acting upon that belief and within the general scope of his authority.

It is manifest that the duties of a brakeman on a freight train would or might be different from those of a brakeman on a passenger train, and that fact distinguishes this case from *Maine* v. *Chicago, Rock Island & Pacific Railway*, 59 Iowa, 428, and *Towanda Coal Co.* v. *Heeman*, 86 Penn. St. 418, which with other similar cases are relied on by the defendant.

We have not taken up *seriatim* the rulings requested by the defendant, but they are all embraced so far as material and except so far as given by the judge in the questions which we have considered. The result is that the exceptions must be overruled in both cases.

*So ordered.*