ELLSWORTH AIKEN *vs.* HOLYOKE STREET RAILWAY COMPANY.

Hampden.   September 23, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence.   Railway Company.   Master and Servant.   Evidence.*

In an action for a wanton and wilful injury caused by a reckless omission of duty, it is no defence that the plaintiff failed to exercise ordinary care for his safety.

If a boy six and one half years of age is clinging to the step at the forward end of an electric car, which is passing around a curve from one street to another, trying to get into a stable position and crying to the motorman to let him off, and the motorman, seeing and hearing the boy and knowing that he is in a place of danger, turns on the power in a wanton and reckless way, to start the car quickly at full speed, the boy, if thus thrown off and injured, may recover from the railway company for his injuries without showing that he was in the exercise of ordinary care at the time of and immediately after the motorman's reckless act.

A master is liable for the acts of his servant done recklessly or wilfully in the course of the servant's employment.

On the issue of a plaintiff's due care the defendant cannot show previous acts of negligence of the plaintiff.

TORT by an infant against a street railway company for personal injuries.   Writ dated July 6, 1898.

At a previous stage of this case, reported in 180 Mass. 8, the plaintiff's exceptions were sustained by this court after a verdict had been ordered in the Superior Court for the defendant.   At the new trial in the Superior Court before *Lawton,* J., the jury returned a verdict for the plaintiff in the sum of $5,000.   The

defendant alleged exceptions, raising the questions stated by the court.

*W. H. Brooks*, (*W. Hamilton* with him,) for the defendant.

*A. L. Green*, (*F. F. Bennett* with him,) for the plaintiff.

KNOWLTON, C. J.   The most important question in this case grows out of the instructions to the jury upon the third count. This count charges the defendant, by its servants, with having started up the car recklessly, wantonly and with gross disregard of the plaintiff's safety, while he was in a place of great peril upon the step of the car, and with having thrown him upon the ground and under the wheels of the car.   There was evidence tending to show that the plaintiff, a boy six and one half years of age, ran near or against the car, and was upon the lower step at the forward end as the car was going around a curve from one street into another, and was clinging to the step trying to get into a stable position, and that he there cried out' to the motorman, " Let me off " ; that the motorman saw and heard him and knew that he was in a place of danger, and that he then turned on the power in a wanton and reckless way, with a view to start the car quickly, and that the plaintiff was thus thrown off and injured.   This testimony was contradicted, but it was proper for the consideration of the jury.   The judge instructed the jury that if they found the facts to be in accordance with this contention of the plaintiff, they would be warranted in finding that the conduct of the motorman was wanton and reckless, and in returning a verdict for the plaintiff.   He also instructed them that to maintain the action on this ground, it must be proved that the motorman wilfully and intentionally turned on the power, with a view to making the car start forward rapidly and go at full speed quickly, but that it was not necessary to prove that he did this with the intention of throwing the boy off and injuring him.   He also told them that to warrant a recovery upon this state of facts, the plaintiff need not show that he was in the exercise of due care.   The defendant excepted to that part of the instruction which relates to due care on the part of the plaintiff.

The defendant contends that while it was not necessary for the plaintiff to show due care anterior to the act of the motorman, he was bound to show due care which was concurrent with

this act and immediately subsequent to it.   This brings us to a consideration of the rules and principles applicable to this kind of liability.   It is familiar law that in the absence of a statutory provision, mere negligence, whatever its degree, if it does not include culpability different in kind from that of ordinary negligence, does not create a liability in favor of one injured by it, if his own negligence contributes to his injury.   It is equally true that one who wilfully and wantonly, in reckless disregard of the rights of others, by a positive act or careless omission exposes another to death or grave bodily injury, is liable for the consequences, even if the other was guilty of negligence or other fault in connection with the causes which led to the injury.   The difference in rules applicable to the two classes of cases results from the difference in the nature of the conduct of the wrongdoers in the two kinds of cases.   In the first case the wrongdoer is guilty of nothing worse than carelessness.   In the last he is guilty of a wilful, intentional wrong.   His conduct is criminal or *quasi* criminal.   If it results in the death of the injured person, he is guilty of manslaughter.   *Commonwealth* v. *Pierce*, 138 Mass. 165.   *Commonwealth* v. *Hartwell*, 128 Mass. 415.   The law is regardful of human life and personal safety, and if one is grossly and wantonly reckless in exposing others to danger, it holds him to have intended the natural consequences of his act, and treats him as guilty of a wilful and intentional wrong.   It is no defence to a charge of manslaughter for the defendant to show that, while grossly reckless, he did not actually intend to cause the death of his victim.   In these cases of personal injury there is a constructive intention as to the consequences, which, entering into the wilful, intentional act, the law imputes to the offender, and in this way a charge which otherwise would be mere negligence, becomes, by reason of a reckless disregard of probable consequences, a wilful wrong.   That this constructive intention to do an injury in such cases will be imputed in the absence of an actual intent to harm a particular person, is recognized as an elementary principle in criminal law.   It is also recognized in civil actions for recklessly and wantonly injuring others by carelessness.   *Palmer* v. *Chicago, St. Louis & Pittsburgh Railroad*, 112 Ind. 250.   *Shumacher* v. *St. Louis & San Francisco Railroad*, 39 Fed. Rep. 174.   *Brannen* v. *Kokomo*,

*Greentown & Jerome Gravel Road Co.* 115 Ind. 115. In an action to recover damages for an assault and battery, it would be illogical and absurd to allow as a defence, proof that the plaintiff did not use proper care to avert the blow. See *Sanford* v. *Eighth Avenue Railroad,* 23 N. Y. 343, 346. It would be hardly less so to allow a similar defence where a different kind of injury was wantonly and recklessly inflicted. A reason for the rule is the fact that if a wilful, intentional wrong is shown to be the direct and proximate cause of an injury, it is hardly conceivable that any lack of care on the part of the injured person could so concur with the wrong as also to be a direct and proximate contributing cause to the injury. It might be a condition without which the injury could not be inflicted. See *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. It might be a remote cause, but it hardly could be a cause acting directly and proximately with the intentional wrongful act of the offender. *Judson* v. *Great Northern Railway,* 63 Minn. 248, 255. The offence supposed is different in kind from the plaintiff's lack of ordinary care. It is criminal or *quasi* criminal. Not only is it difficult to conceive of a plaintiff's negligence as being another direct and proximate cause foreign to the first, yet acting directly with it, but it would be unjust to allow one to relieve himself from the direct consequences of a wilful wrong by showing that a mere lack of due care in another contributed to the result. The reasons for the rule as to the plaintiff's care in actions for ordinary negligence are wanting, and at the same time the facts make the rule impossible of application. The general rule that the plaintiff's failure to exercise ordinary care for his safety, is not a good defence to an action for wanton and wilful injury caused by a reckless omission of duty, has been recognized in many decisions, as well as by writers of text-books. *Aiken* v. *Holyoke Street Railway,* 180 Mass. 8, 14, 15. *Wallace* v. *Merrimack River Navigation & Express Co.* 134 Mass. 95. *Banks* v. *Highland Street Railway,* 136 Mass. 485, 486. *Palmer* v. *Chicago, St. Louis & Pittsburgh Railroad,* 112 Ind. 250. *Brannen* v. *Kokomo, Greentown & Jerome Gravel Road Co.* 115 Ind. 115. *Florida Southern Railway* v. *Hirst,* 30 Fla. 1. *Shumacher* v. *St. Louis & San Francisco Railroad,* 39 Fed. Rep. 174. 7 Am. & Eng. Encyc. of Law, (2d ed.)

443 and note.   Beach, Contr. Neg. (3d ed.) §§ 46, 50, 64, 65.
Wood, Railroads, (2d ed.) 1452.   Elliott, Railroads, § 1175.
Thompson, Neg. § 206.   Cooley, Torts, (2d ed.) 810.   We have
been referred to no case in which it is held that it makes any
difference whether the plaintiff's lack of ordinary care is only
previous to the defendant's wrong and continuing to the time of
it, or whether there is such a lack after the wrong begins to take
effect.   It is difficult to see how there can be any difference in
principle between the two cases.   In this Commonwealth, as in
most other jurisdictions, liability does not depend upon which of
different causes contributing to an injury is latest in the time
of its origin, but upon which is the direct, active, efficient cause,
as distinguished from a remote cause, in producing the result.

There are expressions in some of the cases which imply the
possibility of contributory negligence on the part of the plaintiff
in a case of wanton and reckless injury by a defendant.   If there
is a conceivable case in which a plaintiff's want of due care may
directly and proximately contribute as a cause of an injury in-
flicted directly and proximately by the wilful wrong of another,
such a want of care must be something different from the mere
want of ordinary care to avoid an injury coming in a usual way.
There is nothing to indicate the existence of peculiar conditions
of this kind in the present case.   Conduct of a plaintiff which
would be negligence precluding recovery if the injury were
caused by ordinary negligence of a defendant, will not com-
monly preclude recovery if the injury is inflicted wilfully through
wanton carelessness.   This is illustrated by the former decision
in this case and by many others.   *Aiken* v. *Holyoke Street Rail-
way,* 180 Mass. 8.   *McKeon* v. *New York, New Haven, & Hart-
ford Railroad,* 183 Mass. 271.   As to this kind of liability of
the defendant, it was certainly proper to instruct the jury that,
in reference to ordinary kinds of care to avoid an injury from a
car, the plaintiff need not show that he was in the exercise of
due care if a lack of such care would have no tendency to cause
the wilful and wanton injury.   The fair interpretation of the
instruction given is, that it referred to ordinary kinds of care to
avoid an injury from an electric car.   On this branch of the case
there seems to have been no reason for an instruction in regard
to any special care, and probably neither counsel nor the court

had any care in mind except that, in reference to which, in any view of the law, the instruction was properly given. We are of opinion that the ruling excepted to was correct.

The instruction that a master is liable for the acts of his servant done recklessly or wilfully in the course of his employment, was correct. *Howe* v. *Newmarch,* 12 Allen, 49. *Young* v. *South Boston Ice Co.* 150 Mass. 527. *Wallace* v. *Merrimack River Navigation & Express Co.* 134 Mass. 95. *Ramsden* v. *Boston & Albany Railroad,* 104 Mass. 117. *Mott* v. *Consumers' Ice Co.* 73 N. Y. 543.

The evidence of previous acts of carelessness on the part of the plaintiff was rightly excluded. *Hatt* v. *Nay,* 144 Mass. 186.

*Exceptions overruled.*