## GEORGE ZINK *vs.* WILLIAM A. FOSS.

Suffolk.  March 25, 1915. — May 19, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Wilful misconduct toward trespasser. *Actionable Tort. Dog. Damages. Practice, Civil,* Ordering of judgment by this court.

In an action at common law by a boy twelve or thirteen years of age for personal injuries sustained by reason of the wilful and reckless misconduct of the defendant in setting his dog on the plaintiff when he was a trespasser on the defendant's premises and was lying on the ground after having fallen from a fence, it is not necessary for the plaintiff to allege or to prove that he was in the exercise of due care.

In such an action the plaintiff on obtaining a verdict is not entitled to recover double damages under R. L. c. 102, § 146, on the ground that his injuries were caused by the bite of the defendant's dog; because the recovery is at common law and not under that statute.

Where, in an action of tort at common law for personal injuries caused by the wilful misconduct of the defendant in setting his dog on the plaintiff who had fallen from a fence when he was a trespasser on the defendant's premises, the plaintiff had obtained a verdict to which he was entitled and the presiding judge erroneously had doubled the amount of the damages awarded by the jury, wrongly supposing that R. L. c. 102, § 146, applied when it did not, this court under St. 1913, c. 716, § 2, ordered judgment for the plaintiff in the amount of the original verdict, there being no occasion for a new trial.

CARROLL, J.  The plaintiff was bitten by the defendant's dog. The jury returned a verdict in the plaintiff's favor on the second count of the declaration, which states that the defendant owned and kept a dog; that wilfully, wantonly and recklessly he set the dog on the plaintiff, doing him damage. The damages of $446, as found by the jury, were doubled by the presiding judge *
under R. L. c. 102, § 146. The defendant had asked the judge to rule, (1) that the plaintiff was not entitled to recover; and (2) that under the second count the plaintiff was entitled to recover only the actual damages sustained by him.

The second count sets out a good cause of action at common law. It alleges that the plaintiff was injured by reason of the wilful misconduct of the defendant, and there was evidence before the

---

* *Lawton,* J.

jury showing that the plaintiff, a boy twelve or thirteen years of age, while a trespasser on the defendant's premises, was bitten by a dog owned by the defendant, who intentionally, wilfully and without just cause, urged and set on the dog to bite the plaintiff while the latter was lying on the ground where he had fallen from a fence. This evidence was contradicted by the defendant, but the credit to be given to it was for the jury.

It is well settled that a trespasser can recover compensation for injuries inflicted upon him by the active, wilful and reckless misconduct of the owner. *Chenery* v. *Fitchburg Railroad,* 160 Mass. 211. *Palmer* v. *Gordon,* 173 Mass. 410. *Riley* v. *Harris,* 177 Mass. 163. *McKeon* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 271. *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269. *Yancey* v. *Boston Elevated Railway,* 205 Mass. 162. Under the circumstances disclosed in the case at bar the due care of the plaintiff was not important and the declaration was not bad because it failed to allege it. In *Aiken* v. *Holyoke Street Railway, supra,* a case of reckless and wilful misconduct on the part of the defendant's employees in injuring a child, the judge instructed the jury that the plaintiff need not show that he was in the exercise of due care; and Knowlton, C. J., speaking for the court, said (at page 272): "The general rule that the plaintiff's failure to exercise ordinary care for his safety, is not a good defence to an action for wanton and wilful injury caused by a reckless omission of duty, has been recognized in many decisions, as well as by writers of textbooks."

The defendant's second request should have been given. R. L. c. 102, § 146, makes the owner or keeper of a dog liable in double damages to a person injured by it, but the second count is not drawn under the statute and does not set out a case thereunder. To recover under this statute, the injured person must be in the exercise of due care and this must be properly alleged in the declaration.* *Ryan* v. *Marren,* 216 Mass. 556. *Spellman* v. *Dyer,* 186 Mass. 176. *Riley* v. *Harris,* 177 Mass. 163.

The plaintiff in his second count does not declare that he was in the exercise of due care. He puts his case entirely on the ground

---

* The writ in this case was dated August 14, 1913, so that the question whether St. 1914, c. 553, applies to actions under R. L. c. 102, § 146, did not arise.

of the wilful, wanton and reckless act of the defendant in setting his dog on him and injuring him. The essential ground and foundation of the plaintiff's cause of action is this wilful misconduct of the defendant. It does not depend on the circumstance that it was the dog of the defendant which was the instrument by which the defendant's purpose was executed and carried out. It is a common law and not a statutory count, and is predicated entirely on reckless conduct of the defendant. The plaintiff's right to recover under a similar count would be the same, whether he was the victim of an assault by the defendant, or if in any other way, by traps, or spring guns, or dangerous animals, he was injured; and the fact that a dog instead of some other instrument was used, does not entitle the plaintiff to double damages. The right to recover double the amount of damages sustained applies only to cases brought under that statute, and it has no application to a common law claim for damages like the one set out in the second count.

It follows that, while the defendant's exceptions must be sustained for the reason that the damages as found by the jury were doubled by the presiding judge, a new trial is not called for; and judgment is to be entered for the plaintiff for the amount found by the jury, namely, $446. St. 1913, c. 716, § 2.

*Ordered accordingly.*

*J. J. Brennan*, for the defendant.
*J. H. Baldwin*, for the plaintiff.