ELIZABETH J. WENTZELL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SARAH A. WENTZELL *vs.* SAME.

WILLIAM C. WENTZELL *vs.* SAME.

SCHOLASTICA McDOUGALL *vs.* SAME.

Middlesex.    March 21, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Trespasser. *Wrongdoer. Wilful or Wanton Misconduct. Trespass. Motor Vehicle.*

Before the passage of St. 1915, c. 87, any person travelling on a highway in an unregistered motor vehicle was a trespasser upon the highway and, if he was injured by a collision of the motor vehicle with a street railway car, he could hold the street railway corporation liable for his injuries only by showing that the collision was caused by the wilful or wanton conduct of its motorman or of some other of its agents.

No degree of negligence can make one liable for an injury to a trespasser. To establish such liability it must be shown that the person who injured the trespasser was a wilful or wanton wrongdoer in causing the injury.

An alleged wrongdoer acts wilfully or wantonly only when he inflicts an injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist. By BRALEY, J.

If a motorman operates a street railway car in a city street at the rate of from twenty-five to forty miles an hour and in doing so runs into a motor car, which is being driven slowly across the track to turn into a connecting street, and if after the collision the street railway car runs a distance of one hundred and fifty feet before it is brought to a stop, these facts, although they are evidence of negligence, are not evidence of wanton or reckless misconduct on the part of the motorman which would make the street railway corporation liable to a trespasser on the highway in the motor car injured by the collision.

FOUR ACTIONS OF TORT for injuries respectively sustained by the plaintiffs on June 7, 1914, by being run into by an electric street railway car of the defendant on Broadway in Somerville when they were in a motor car which was owned and was being driven carefully by the plaintiff William C. Wentzell and which he had turned across the tracks to go into Irving Street, a connecting street on which the plaintiffs lived. Writs dated March 8, 1915.

The plaintiffs' amended declarations alleged that at the time of the collision the defendant's car was being operated "at an unlawful, unreasonable and dangerous rate of speed in and upon said highway and in a reckless or wanton manner."

The defendant's amended answers alleged that each plaintiff was travelling in a motor car not registered in accordance with St. 1909, c. 534, as amended by St. 1912, c. 400, and St. 1914, c. 204. ,

In the Superior Court the cases were tried together before *Hitchcock*, J. The substance of the plaintiffs' ,evidence is stated in the opinion. The plaintiff William C. Wentzell held an operator's license regularly issued to him. He had taken steps to secure a license for the car in which they were driving, but on the day of the accident, the license not having been issued for this car, he had taken the plate with the registration number belonging to another car which he owned and had put it upon this car, but the registration license for the car in question had not been issued. The plaintiff William C. Wentzell testified that, when he started to cross the defendant's tracks to go into Irving Street, the defendant's car was about three hundred feet away and that his motor car "was then going slowly, probably not over five miles an hour, perhaps less."

At the close of the plaintiffs' evidence the judge, upon a motion of the defendant, ordered the jury to return a verdict for the defendant in each of the four cases; and the plaintiffs alleged exceptions.

St. 1915, c. 87, referred to in the opinion, is as follows:

"Section 1. Violation of the provisions of section nine of chapter five hundred and thirty-four of the acts of the year nineteen hundred and nine, which provides for the registration and equipment of motor vehicles, shall not constitute a defence to actions of tort for injuries suffered by a person, or for the death of a person,

or for injury to property, unless it is shown that the person injured in his person or property or killed was the owner or operator of the motor vehicle the operation of which was in violation of said provisions, or unless it is shown that the person so injured or killed, or the owner of the property so injured, knew or had reasonable cause to know that said provisions were being violated.

"Section 2. This act shall take effect upon its passage, but shall apply only to actions or causes of actions hereafter accruing.
"Approved March 20, 1915."

*W. B. Grant,* (*M. Stone* with him,) for the plaintiffs.

*H. D. McLellan,* for the defendant.

BRALEY, J. The motor car in which the plaintiffs were travelling when it came into collision with the defendant's car not having been duly registered, the occupants were trespassers upon the highway, as, the accident having occurred on June 7, 1914, none of the cases are within the St. of 1915, c. 87. *Feeley* v. *Melrose,* 205 Mass. 329. The plaintiffs nevertheless contend that, even if they were violators of the law, the defendant is responsible, because it could be found that the conduct of the motorman was reckless, wanton and wilful. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, 449.

The city ordinance that "No car shall be allowed to attain a greater rate of speed than ten miles an hour" having been properly excluded because never approved by the board of railroad commissioners or their successors, the public service commission, as required by St. 1906, c. 463, Part III, § 74, the plaintiffs urge that, when coupled with the failure of the motorman to shut off the electric current or to apply the brakes seasonably, the rate of speed was so excessive as to make out a case for the jury. But the conduct required to be proved is something different from negligence even when the degree may be found under our law to be gross. The alleged wrongdoer acts wantonly and wilfully only when he inflicts the injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist. The result is a wilful not a negligent wrong. *Freeman* v. *United Fruit Co.* 223 Mass. 300, and cases cited.

It is true the jury could find that the car was moving at a speed of twenty-five to forty miles an hour, and that it ran a distance of one hundred or one hundred and fifty feet after the impact

before being brought to a stop. We are however of opinion that the circumstances are insufficient to show that the motorman acted wantonly or recklessly. As was said in *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, where the conditions of operation were very similar to those of the present case, "The failure of the motorman to see the automobile before he did in such situation as it was, and to bring his car to a stop quicker, while evidence of negligence, fails to reach to the kind of conduct required as a basis for recovery by the plaintiffs."

The exceptions should be overruled, and it is

*So ordered.*