GARDNER WASHBURN *vs.* UNION FREIGHT RAILROAD COMPANY.

Suffolk.   November 22, 1923. — January 7, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Motor Vehicle,* Registration.   *Negligence,* Trespasser, Railroad.   *Way,* Public: trespasser on highway.   *Wilful or Wanton Misconduct.*

The owner of an automobile registered in the name of his wife as owner cannot recover in an action of tort against the Union Freight Railroad Company for damage caused to the automobile when it was run into by a train of the defendant on Atlantic Avenue in Boston by reason of the failure of a flagman of the defendant to observe a practice or custom of the defendant in warning

travellers using that public highway, such conduct of the flagman not being evidence warranting a finding that the defendant, its servants or agents, was guilty of reckless or wanton misconduct which caused the damage to the automobile.

TORT for damage to the plaintiff's automobile on Atlantic Avenue in Boston alleged to have been caused by "wantonly or recklessly negligent" conduct of the defendant, its servants or agents, in the operation of a freight train on that street.    Writ dated September 21, 1914.

In the Superior Court, the action was tried before *Fessenden,* J.    Material evidence is described in the opinion.    By order of the judge, a verdict was entered for the defendant with the understanding that the case should be reported to this court on the condition that, if the trial judge rightly ordered the verdict for the defendant, final judgment was to be entered on such verdict, and that otherwise final judgment was to be entered for the plaintiff in the sum of $1,000 and costs.    After the resignation of *Fessenden,* J., a report was made in accordance with the agreement by *Sisk,* J.

*E. C. Jenney,* for the plaintiff.

*A. W. Blackman,* for the defendant.

BRALEY, J.    The evidence viewed in its most favorable aspect to the plaintiff would have warranted the jury in finding, that while the plaintiff's automobile, in charge of an experienced chauffeur, was passing in broad daylight through Atlantic Avenue, a public way in the city of Boston, above which were the tracks of the Boston Elevated Railway Company, it came to a stop because of the continuous congestion of traffic on the avenue.    The defendant's railroad, used for the transportation of freight, was located on, and was operated within the limits of the avenue, where it allowed freight cars to be stalled with openings between them, and shortly before the collision between the plaintiff's automobile and one of the defendant's cars there was a noise caused by the cars, pushed by a dummy engine, coming together, and the chauffeur, being warned by a bystander, jumped from the car in time to avoid being injured.    But the shunting or pushing of the cars suddenly set in motion one or more of the cars near the automobile, forcing the automobile against

one of the supporting columns of the tracks of the railroad company, causing injuries to the automobile for which damages are sought.

It was the practice or custom of the defendant when cars were thus moved to have a flagman a few feet in front of them to warn travellers using the street of their approach, but at the time of the accident the flagman was absent. It is contended by the plaintiff that a verdict for the defendant should not have been directed.

The automobile, however, was registered in the name of the plaintiff's wife as the owner, and, the accident having occurred October 16, 1913, St. 1915, c. 87, does not apply. The plaintiff therefore was operating the automobile as a trespasser on the highway. *Doherty* v. *Ayer*, 197 Mass. 241. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. *Feeley* v. *Melrose*, 205 Mass. 329, 333, 334. *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137.

The plaintiff urges that there was evidence for the jury of reckless and wanton conduct on the part of the defendant, which if found entitles him to recover. " But the conduct required to be proved is something different from negligence, even when the degree may be found under our law to be gross. The alleged wrongdoer acts wantonly and wilfully only when he inflicts the injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist. The result is a wilful not a negligent wrong." *Wentzell* v. *Boston Elevated Railway*, 230 Mass. 275, 277. *Freeman* v. *United Fruit Co.* 223 Mass. 300. The failure of the defendant to have the flagman present, or to warn travellers of the proposed movement of the cars is insufficient to warrant a finding of wilful and wanton conduct as just defined.

The entry must be

*Judgment on the verdict for defendant.*