CATHERINE SULLIVAN *vs.* MICHAEL C. NAPOLITANO.

Middlesex.　October 7, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Wilful, Wanton or Reckless Misconduct. Motor Vehicle,* Operation. *Trespass.*

At the trial of an action of tort for personal injuries and property damage sustained in a collision between an automobile driven by the plaintiff and one driven by the defendant, it appeared that the plaintiff's automobile was not registered legally, and the issue was, whether the evidence would warrant a finding of wilful, wanton or reckless misconduct on the part of the defendant. There was evidence that as the plaintiff on a public way approached a driveway entering from his left, he saw a stationary truck on the right hand side of the road nearly opposite the driveway and, headed into the driveway, the defendant's automobile; that there were snow and ice on the surface of the road and an unobstructed view for three hundred feet; that the plaintiff came along slowly on the right hand side of the road; that, when he reached a point

about ten yards from the stationary truck, the defendant started to back his automobile out; that the defendant's automobile "shot out" on the plaintiff's left; that when the plaintiff saw it he "pulled up to a stop" on the extreme right hand side of the road about five yards behind the truck, blowing his horn several times; that the defendant paid no attention, backed across the road a distance of about twenty feet, and hit the left front end of the plaintiff's automobile; and that the windows of the defendant's automobile were closed. There was no evidence of any other vehicle in the immediate neighborhood than the truck and the two automobiles. *Held*, that the evidence did not warrant a finding that the defendant was guilty of wilful, wanton or reckless misconduct.

Tort. Writ dated November 28, 1928.

In the Superior Court, the action was tried before *Fosdick*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $1,675. The defendant alleged exceptions.

*M. J. Mulkern*, (*E. F. Cameron* with him,) for the defendant.

*C. W. Rowley*, for the plaintiff.

SANDERSON, J. This is an action of tort in which a verdict was returned for the plaintiff for personal injuries and property damage. Subject to the defendant's exception the trial judge denied his motion for a directed verdict. The plaintiff's automobile was not legally registered and the trial judge so ruled without objection and the question to be decided is whether the evidence would warrant a finding of wanton, reckless or wilful misconduct on the part of the defendant. The accident happened soon after noon on a street running between Ashland and Framingham in approximately an easterly and westerly direction. On the northerly side of the street was an unused car track which had been partially surfaced over. The travelled part of the way was made of tar or macadam and was about twenty feet in width. Upon the plaintiff's testimony she was driving her own automobile from Ashland toward Framingham, when she saw a stationary truck ahead of her on the side of the road at her right and nearly opposite this truck she saw the defendant's automobile which was

headed into a driveway and partially across the sidewalk on the plaintiff's left. She came along slowly on the right hand side of the street and when she reached a point about ten yards from the stationary truck the defendant started to back his automobile out, "it shot out on her left hand side, when she saw it move she pulled up to a stop"; she stopped, before the collision, on the extreme right hand side of the road about five yards behind the truck, and as she saw the defendant's automobile coming toward her she blew her horn several times but the defendant paid no attention to it, gave no warning of his approach, backed across the road a distance of about twenty feet, and hit the left front end of the automobile in which the plaintiff was riding. The windows of the defendant's automobile were closed. She testified that the defendant, when asked why he hit her automobile, said that he did not see it. The surface of the road had snow and ice upon it, and there was an unobstructed view for three hundred feet.

The defendant testified that his purpose in backing his automobile was to turn it around so that he might go toward Framingham; that he looked in both directions before starting and nobody was coming; that he then started and as the road was not wide enough so that he could turn and clear the truck, he backed and straightened out his automobile; that he paid no attention to the movements of his car before the time of the crash because he did not see anybody coming; that he backed his car slowly to go toward Framingham and just as he started forward his automobile was hit in the rear by the plaintiff's automobile when near the center of the hard surface of the street.

It did not appear that any vehicle was in the street in the immediate neighborhood except that of the plaintiff and the truck. From the defendant's own point of view the stationary truck was a factor for him to consider in deciding how he should move his car in order to go toward Framingham. If it be assumed that the plaintiff's automobile was in sight and should have been seen by the defendant before he started to back, that automobile, according to the plaintiff's testimony, continued to move until an instant before

the collision when it stopped. It did not appear whether the defendant could have heard the warnings which were given just before the collision. When the whole evidence is considered in the light most favorable to the plaintiff we are of opinion that the defendant's conduct though negligent, see *Birch* v. *Athol & Orange Street Railway*, 198 Mass. 257, 259, and perhaps grossly negligent, could not be found to show a complete indifference to or such reckless disregard of probable consequences as to be equivalent to a wilful and intentional wrong. *Altman* v. *Aronson*, 231 Mass. 588, 592. *Washburn* v. *Union Freight Railroad*, 247 Mass. 414, 416. *Learned* v. *Hawthorne*, 269 Mass. 554, 561. The case is distinguishable in its facts from *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, 271, *Freeman* v. *United Fruit Co.* 223 Mass. 300, 302, *Leonard* v. *Conquest*, 274 Mass. 347, 351–352, and other cases in which the evidence was held to warrant a finding of wilful, wanton or reckless misconduct on the part of the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*