LLOYD S. POTTER *vs.* GEORGE W. GILMORE.

Bristol.  December 8, 1932. — February 15, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Motor Vehicle,* Registration. *Wilful, Wanton or Reckless Misconduct. Trespass. Practice, Civil,* Requests, rulings and instructions.

The mere fact that, when a person was injured in a collision of motor vehicles on a public way he was operating a motor vehicle not registered as required by G. L. (Ter. Ed.) c. 90, §§ 2, 9, does not preclude him from recovering in an action against a person whose wilful, wanton or reckless misconduct caused such collision.

That part of G. L. (Ter. Ed.) c. 90, § 9, which provides that violation of the statutory prohibition of operating an unregistered motor vehicle in certain circumstances shall not constitute a defence, is of no help to the defendant in such an action.

Where, at the trial of an action of tort for personal injuries, the plaintiff relies only on a count of the declaration alleging wilful, wanton or reckless misconduct, the judge properly charged that the "mere fact the plaintiff was negligent would not bar him from recovery, that is, his contributory negligence," and refused to rule that the "plaintiff must be in the exercise of 'due care' or he cannot recover," and to define the term "due care."

TORT. Writ dated July 2, 1929.

The declaration is described in the opinion. The action was tried in the Superior Court before *Walsh,* J. Material

evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $16,500. The defendant alleged exceptions.

*E. Martin*, (*O. R. Hayes* with him,) for the defendant.

*H. F. Hathaway*, for the plaintiff.

FIELD, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff as the result of a collision between a motor cycle which he was operating on the highway and an automobile operated by the defendant. The declaration is in three counts. The first is for negligent operation of the defendant's automobile, the second for grossly negligent operation, and the third for wilful, wanton and reckless conduct in such operation. Verdicts for the defendant were directed on the first and second counts, but there was a verdict for the plaintiff on the third count. The case is here on the defendant's exceptions to the denial of his motion for a directed verdict on the third count, to the refusal of rulings and to a portion of the charge.

It is undisputed that there was a collision on the highway between the motor cycle operated by the plaintiff and the automobile operated by the defendant, that injury to the plaintiff resulted, that his motor cycle was unregistered, and that there was evidence warranting a finding of wilful, wanton or reckless conduct on the part of the defendant.

1. The question for determination in connection with the motion for a directed verdict is whether the fact that the motor cycle operated by the plaintiff was unregistered as matter of law bars recovery by the plaintiff. We think that it does not and that the motion was denied rightly.

The statutes of the Commonwealth provide for the registration of motor vehicles and prohibit the operation of an unregistered motor vehicle upon the highway. G. L. (Ter. Ed.) c. 90, §§ 2, 9. These statutes do not in terms create a civil liability for such operation or deprive the operator of his ordinary remedies. It is settled, however, by our decisions that by reason of these statutes an unregistered motor vehicle operated on the highway is a nuisance, persons participating in such operation are not travellers on the highway but are trespassers against persons using the highway law-

fully and such operation is, at least, evidence of negligence, if not negligence *per se.* Furthermore it is settled that the illegality of the operation of an unregistered motor vehicle on the highway permeates the act of operating it and that such operation is a cause and not merely a condition of an injury to the operator to which the negligence of another contributes although the unlawful element considered by itself had no tendency to produce such injury, that is, it is not essential to show a causal relation between the unlawful element in the operation and the injury. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 158. *Bourne* v. *Whitman,* 209 Mass. 155, 168–169, 171–172. *Balian* v. *Ogassin,* 277 Mass. 525, 530, and cases cited. (The effect of these decisions has been limited in some respects by statutes, but none of them benefits the plaintiff in the present case.) Moreover an unregistered motor vehicle operated upon the highway, as well as the operator of such a motor vehicle, has been described as an "outlaw." See, for example, *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 445; *Avila* v. *DuPont,* 278 Mass. 83, 88. This characterization is derived from the leading case of *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, 447, where it was said that "The Legislature . . . intended to outlaw unregistered machines," and the plaintiff operating such a motor vehicle was denied recovery because a trespasser on the highway. Obviously the word "outlaw" is used not with a technical meaning, but rather as a forceful statement of the illegal position of the unregistered motor vehicle and the consequent liabilities and absence of rights. In each of the cases where either the motor vehicle or its operator was characterized as an "outlaw" the decision rested upon principles of nuisance, trespass or negligence or, perhaps, as stated in another connection in *Newcomb* v. *Boston Protective Department,* 146 Mass. 596, 602, the plaintiff was "precluded from recovering, on the ground that the court will not lend its aid to one whose violation of law is the foundation of his claim." The principles governing the present case are to be found within those categories. No other prin-

ciple is implied in the use of the word "outlaw." It could not have been ruled as matter of law that the plaintiff's operation of an unregistered motor vehicle was wilful, wanton or reckless conduct. See *Commonwealth* v. *Arone*, 265 Mass. 128, 131; *Isaacson* v. *Boston, Worcester & New York Street Railway*, 278 Mass. 378, 390.

Statements of the relative rights and liabilities of persons operating unregistered motor vehicles and of persons guilty of wilful, wanton or reckless conduct are frequent in the opinions of this court. In *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, the court said, at pages 447–448, 449, that the Legislature intended to give to unregistered motor vehicles "as to persons lawfully using the highways, no other right than that of being exempt from reckless, wanton or wilful injury," that it "follows that the defendant, which was lawfully using the highway with its cars, owed to the plaintiff [who was operating an unregistered motor vehicle] no other or further duty than that which it would owe to any trespasser upon its property, that is, not the duty of ordinary care, as those words are commonly used, but merely the duty to abstain from injuring him by wantonness or recklessness," and that "Of course the defendant would have had no right to run its car into the plaintiff's machine wantonly or recklessly; and that is the point of such cases as *Welch* v. *Wesson*, 6 Gray, 505, and *McKeon* v. *New York, New Haven & Hartford Railroad*, 183 Mass. 271." See also *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 156. In *Holland* v. *Boston*, 213 Mass. 560, 562, it was said that the plaintiff operator of an unregistered motor vehicle "could have against any one no other right than to be exempt from reckless, wanton or wilful injury." *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, involved a collision between a motor vehicle and a street car. The court said at page 498: "The automobile in which all the plaintiffs were riding having been unregistered, all its occupants were trespassers upon the highway and had no rights against other travellers except to be protected from reckless or wanton injury," and at page 499: "The failure of the motorman to see the automobile before he did

in such situation as it was, and to bring his car to a stop quicker, while evidence of negligence, fails to reach to the kind of conduct required as a basis for recovery by the plaintiffs." In *Farr* v. *Whitney*, 260 Mass. 193, 195, it was said that an unregistered motor vehicle "is an outlaw, with no other protection than exemption from wilful or wanton injury." In *Fine* v. *Kahn*, 270 Mass. 557, 558, occurs this language: "Since the judge further found that the injuries alleged to have been sustained by the plaintiff were not recklessly or wantonly inflicted by the defendant, he correctly ruled that the plaintiff's motor vehicle was not registered according to law and was a trespasser upon the highway, and that the plaintiff had no rights against other travelers except to be protected from reckless or wanton injury." Similar expressions are to be found in *Love* v. *Worcester Consolidated Street Railway*, 213 Mass. 137, 138, *Holden* v. *McGillicuddy*, 215 Mass. 563, 565, *Rolli* v. *Converse*, 227 Mass. 162, 164, *Norcross* v. *B. L. Roberts Co.* 239 Mass. 596, 597, and *Cook* v. *Crowell*, 273 Mass. 356, 358. In *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, *Holden* v. *McGillicuddy*, 215 Mass. 563, *Wentzell* v. *Boston Elevated Railway*, 230 Mass. 275, *Washburn* v. *Union Freight Railroad*, 247 Mass. 414, and *Fine* v. *Kahn*, 270 Mass. 557, where unregistered motor vehicles operated or occupied by plaintiffs were involved, directed verdicts for defendants were sustained on the ground that the evidence did not warrant findings of wanton or reckless conduct on the part of the defendants. See also *Leonard* v. *Conquest*, 274 Mass. 347; *Sullivan* v. *Napolitano*, 277 Mass. 341. In *Kilduff* v. *Boston Elevated Railway*, 247 Mass. 453, 456, it was said that it was not necessary to consider whether "the defendant might be held liable for reckless, wanton or wilful conduct" because it was not pleaded, though it was also pointed out that the evidence did not warrant a finding of such conduct. No one of these cases, unless it be the last cited, suggests any doubt of the proposition that the operator of an unregistered motor vehicle can recover compensation for injury resulting from the wilful, wanton or reckless conduct of the defendant.

Doubtless a strict analysis of the cases cited would show that decision of the question now under consideration was not required in those cases. But a statement so frequently repeated is not without strong persuasive force. It is incredible that it was made by inadvertence. In the *Dudley* case, particularly, there is clear indication of deliberate consideration of the question. The principle is stated therein three times: in one instance with citation of supporting authorities. The decision of the question of liability for negligence was made by a divided court and it is likely that in establishing that liability the limitations upon the legal effect of operating an unregistered motor vehicle were given attention. Compare *Bourne* v. *Whitman*, 209 Mass. 155, 171–172. Undoubtedly the principle stated by the court "has been accepted without question as a settled principle in the trial of many causes." Compare *Brown* v. *Alter*, 251 Mass. 223, 224. Moreover the statutory prohibition of operation of an unregistered motor vehicle considered in the *Dudley* case (St. 1903, c. 473, § 3; see St. 1909, c. 534, § 9), has been reënacted by the Legislature (G. L. c. 90, § 9; St. 1928, c. 381, § 3), extended in some respects (see St. 1919, c. 88; c. 294, § 3), and restricted in others (see Sts. 1915, c. 87; 1922, c. 303, § 3; 1928, c. 187, § 1; 1929, c. 180; 1931, c. 95; see also Sts. 1924, c. 427; 1932, c. 5). It is to be supposed that the Legislature so dealt with this statute on the assumption that it had the effect which this court, in unmistakable language, had attributed to it. See *Leonard* v. *School Committee of Springfield*, 241 Mass. 325, 330. Only compelling reasons should lead us to give the statute a more drastic effect. We discover no such compelling reasons.

Furthermore, the principle stated by the court was the ground of decision of the analogous case of *Wallace* v. *Merrimack River Navigation & Express Co.* 134 Mass. 95. There the plaintiff was violating a statute then in force forbidding travelling on the Lord's day. The declaration was in two counts, one, alleging negligence of the defendant, the other, wanton and malicious conduct. It was held that as matter of law the plaintiff could not recover on the first count because "where one travelling on the highway in violation of

law sustains injury by collision with the vehicle of another carelessly driven, his own illegal act is an essential element in the case as proved by him . . . the act of him who unlawfully travels is not merely a circumstance attending the injury, but a cause contributing to its occurrence." But it was held that the plaintiff was entitled to go to the jury on the second count since if the defendant's conduct was wanton and reckless the plaintiff's "title to an action would be independent of his unlawful act. He would not thereby forfeit the general protection of the law, and the injury in such supposed case would proceed solely from the wrongful act of the defendant." Page 96.

Other analogous cases have followed the pattern of the motor vehicle cases. In *Widronak* v. *Lord,* 269 Mass. 238, a plaintiff, who was riding in a motor vehicle being driven in the wrong direction on a one-way street in violation of an ordinance, was not allowed to recover for the negligence of the defendant. But it was said that "the defendant could not wantonly or recklessly drive his automobile in such a way as to injure the plaintiff and escape responsibility." Page 240. See also *Rea* v. *Checker Taxi Co.* 272 Mass. 510, 514. See now G. L. (Ter. Ed.) c. 89, § 10. In *Query* v. *Howe,* 273 Mass. 92, the plaintiff was coasting upon a street from which coasters were excluded by an ordinance. Recovery upon a count alleging negligence was denied on the ground of the plaintiff's violation of the ordinance, but upon a count alleging wilful, wanton and reckless conduct it was denied on the ground that the evidence did not justify a finding of such conduct.

The conclusion stated at large in the motor vehicle cases is supported by the principles of trespass, negligence and nuisance considered specifically. A trespasser may recover for injury resulting from wilful, wanton or reckless conduct. *Zink* v. *Foss,* 221 Mass. 73, 74, and cases cited. And negligence of a plaintiff is not a bar to recovery for injury caused by the defendant's wilful, wanton or reckless conduct. *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269, 272, and cases cited. *Isaacson* v. *Boston, Worcester & New York Street Railway,* 278 Mass. 378, 390. Nor does a plaintiff's

operation of an unregistered motor vehicle on the highway, regarded as creating a nuisance thereon, preclude recovery. *Banks* v. *Highland Street Railway*, 136 Mass. 485. Even where a nuisance may be abated by an individual without resort to judicial proceedings, the abator must avoid doing unnecessary damage or he is liable in an action for such damage. *Arundel* v. *M'Culloch*, 10 Mass. 70. *Commonwealth* v. *Tolman*, 149 Mass. 229, 235. *Marion* v. *Tuell*, 111 Maine, 566, 572. *Mark* v. *Hudson River Bridge Co.* 103 N. Y. 28. Pollock on Torts (13th ed.), c. 10 at page 439. *A fortiori* an individual not exercising his privilege to abate a nuisance is liable for unnecessary injury to the creator of the nuisance. The reasons stated in *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, 272, why negligence of a plaintiff is not a defence to an action based on the wilful, wanton or reckless conduct of the defendant are applicable to the defence that the plaintiff was creating a nuisance.

Nor was the plaintiff precluded from recovery on the ground that the court will not lend its aid to one whose violation of law is the foundation of his claim. The fact that the plaintiff's motor vehicle in the present case was unregistered is not the foundation of his claim. It is not an essential element of his case. See *Welch* v. *Wesson*, 6 Gray, 505, 506. Compare *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 602. This fact was an affirmative defence to be proved by the defendant. *Conroy* v. *Mather*, 217 Mass. 91, 94. But the plaintiff's presence on the highway is an essential element of his case and, under our decisions in actions for negligence, the illegality of his operation of an unregistered motor vehicle on the highway, if proved, so permeated his presence on the highway that it cannot be separated therefrom, his presence thereon is regarded as contributing directly to the injury, and the plaintiff cannot maintain an action for negligence. See *Cook* v. *Crowell*, 273 Mass. 356. In this respect the illegality of operating an unregistered motor vehicle and the illegality of travelling on the Lord's day have been treated differently from most instances of statutory violation. The distinction is pointed

out in *Bourne* v. *Whitman,* 209 Mass. 155, 168–169.   Under
the Sunday law, however, this line of reasoning was not
applied where the conduct of the defendant was wilful,
wanton or reckless, but the plaintiff was permitted to re-
cover if the unlawful element of his act, considered by itself,
was a condition and not a cause of the injury.   This was
the point of *Wallace* v. *Merrimack River Navigation & Ex-
press Co.* 134 Mass. 95, 96.   See also *White* v. *Lang,* 128
Mass. 598.   Compare *Welch* v. *Wesson,* 6 Gray, 505.   More-
over, in *Steele* v. *Burkhardt,* 104 Mass. 59, 63, it was said of
cases where plaintiffs were denied recovery because they
had violated the Sunday law that "Even in those cases, the
violation of law by the plaintiffs would not have justified
an assault and battery or a false imprisonment of the plain-
tiffs."   (The similarity between assault and battery and
wanton and reckless conduct was noted in *Aiken* v. *Holyoke
Street Railway,* 184 Mass. 269, 272.)   The line of reason-
ing in the negligence cases is equally inapplicable to actions
based on wilful, wanton, or reckless conduct where the
plaintiff's statutory violation is the operation of an un-
registered motor vehicle.   In *Brown* v. *Alter,* 251 Mass. 223,
negligence and the operation of an unregistered motor ve-
hicle on the highway, not unlawful in other respects, were
treated as comparable faults.   But wilful, wanton or reck-
less conduct is different in kind from negligence (*Altman* v.
*Aronson,* 231 Mass. 588, 592) and, consequently, different
in effect, whether the question is regarded as one of com-
paring faults, differentiating condition and cause, or de-
termining degree of remoteness of cause.   *Aiken* v. *Holyoke
Street Railway,* 184 Mass. 269, 272.   See also *Wallace* v.
*Merrimack River Navigation & Express Co.* 134 Mass. 95,
96.   We are aware of no principle which requires the con-
clusion that the mere presence of a person on a highway in
violation of the statutory prohibition against operating an
unregistered motor vehicle exposes him, without possibility
of redress, to injury caused by wilful, wanton or reckless
conduct.

The defendant is not helped by that part of G. L. (Ter.
Ed.) c. 90, § 9 — first enacted as St. 1915, c. 87 — which

provides that violation of the statutory prohibition of operating an unregistered motor vehicle in certain circumstances shall not constitute a defence. This provision restricted rather than extended the defences based upon such violation.

2. There was no error in the refusal of the judge to rule as requested by the defendant or in the part of the charge to which exception was taken.

The requested ruling to the effect that the operation by the plaintiff of an unregistered motor vehicle was "a conclusive bar to his recovery in this case and . . . not merely evidence of contributory negligence" is disposed of by what has been said. Since the case went to the jury only on the count of the declaration alleging wilful, wanton and reckless conduct, the judge properly charged that the "mere fact the plaintiff was negligent would not bar him from recovery, that is, his contributory negligence," and refused to rule that the "plaintiff must be in the exercise of 'due care' or he cannot recover," and to define the term "due care." The rulings requested as to the effect of the plaintiff's having no operator's license were refused rightly since, for one reason, there was no evidence that he did not have such a license. See *Conroy* v. *Mather*, 217 Mass. 91; *McDonough* v. *Vozzela*, 247 Mass. 552, 560.

*Exceptions overruled.*