LOTTIE PEABODY *vs.* SAMUEL A. CAMPBELL, administrator.

ELLEN A. NORMAND *vs.* SAME.

CLARENCE J. PEABODY *vs.* SAME.

HENRY NORMAND *vs.* SAME.

Essex.    March 9, 1933. — May 24, 1934.

Present: CROSBY, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Violation of statute.    *Motor Vehicle*, Operation, Registration.

At the trial together of actions against the operator of an automobile which collided with another automobile, for personal injuries sustained in the collision by a woman who was operating the second automobile and by a woman who was riding therein and whose husband was the owner thereof, of an action by him for consequential damages and injury to his automobile, and of an action for consequential damages by the husband of the plaintiff operator, it was found that the plaintiff operator did not have a license permitting her to operate automobiles in this Commonwealth and that the plaintiff owner permitted her to operate his automobile without such a license, but that neither of such statutory violations was a cause contributing directly to the accident or to the injuries resulting therefrom. *Held*, that the plaintiffs were not barred from recovery by either of such statutory violations.

The phrase, "except as otherwise provided in section ten," in G. L. c. 90, § 3, as amended by St. 1923, c. 431, § 1, modified the word "operated" and not the words "without registration"; and the phrase in the statute, "may be operated on the ways of this commonwealth without registration except as otherwise provided in section ten," should be interpreted as though it read, "may be operated, except as otherwise provided in section ten, on the ways of this commonwealth without registration."

So construing said § 3, as so amended, an automobile owned by a resident of and duly registered in another State which, the registrar of motor vehicles had determined, granted to residents of this Commonwealth reciprocal privileges and exemptions within the meaning of that statute, could be operated lawfully on a public way in this Commonwealth in 1930 without being registered here and was not a trespasser on the way while so being operated, notwithstanding the circumstance that it was so operated by a nonresident who, although he had a license to operate in the other State, was not licensed to operate here and who was not entitled to operate here without a license here under any of the provisions of G. L. c. 90, § 10, in the amended form appearing in St. 1929, c. 262.

FOUR ACTIONS OF TORT, originally commenced against Maurice C. Currier and after his death defended by the administrator of his estate. Writs dated December 17, 1930.

In the Superior Court, the actions were referred for hearing together to an auditor without a stipulation that his findings should be final. Material findings by him are stated in the opinion.

The actions subsequently came on to be heard by *Whiting*, J., without a jury. The judge denied a motion by the defendant in each action for judgment in his favor; and, upon motion by the plaintiff in each action, ordered judgment for each plaintiff in the sum assessed by the auditor, respectively $6,600, $4,000, $1,293.50, and $756.50. The defendant alleged exceptions.

*J. W. Sullivan & J. F. Doyle*, for the defendant, submitted a brief.

*E. L. Howie*, (*R. E. Blake* with him,) for the plaintiffs.

FIELD, J. These four actions of tort were tried together and come before us on the consolidated bill of exceptions of the defendant. They grew out of a collision on the highway in this Commonwealth, on September 24, 1930, between an automobile owned by the original defendant, since deceased, and an automobile owned by the plaintiff Clarence J. Peabody and operated by the plaintiff Ellen A. Normand, in which the plaintiff Lottie Peabody, wife of the plaintiff Clarence J. Peabody, was riding. The actions were tried before an auditor who found for all four plaintiffs and assessed damages in the cases of Lottie Peabody and Ellen A. Normand as com-

pensation for bodily injuries, in the case of Clarence J. Peabody for medical expenses of his wife, the plaintiff Lottie Peabody, and damage to his automobile, and in the case of the plaintiff Henry Normand for medical expenses of his wife, Ellen A. Normand. In the Superior Court the plaintiffs' motions for judgment on the auditor's report in their favor were allowed and the defendant's motions for judgment for him were denied and the defendant excepted.

The auditor found that the collision occurred, that the plaintiffs Lottie Peabody and Ellen A. Normand were injured and the automobile owned by the plaintiff Clarence J. Peabody was damaged, that the collision was caused by the negligence of the original defendant, and that all the plaintiffs were in the exercise of due care.

The question for our decision is whether, on the facts found by the auditor, the plaintiffs as matter of law were barred from recovery on the ground that the automobile owned by the plaintiff Clarence J. Peabody and operated by the plaintiff Ellen A. Normand was being unlawfully operated on the highway at the time of the accident.

It is to be inferred from the auditor's report that the plaintiffs Ellen A. Normand and Lottie Peabody were residents of Rhode Island, and it is stated in the bill of exceptions that it "was not in dispute that the Peabody automobile was legally and duly registered under the laws of the State of Rhode Island and that Ellen A. Normand who operated the car was the possessor of a Rhode Island license." The case was argued on the assumption that the automobile was not registered in Massachusetts and that neither the plaintiff Ellen A. Normand nor the plaintiff Lottie Peabody was licensed in Massachusetts to operate a motor vehicle, though there is no specific finding that the automobile was not registered in Massachusetts or that the plaintiff Lottie Peabody was not licensed in Massachusetts to operate a motor vehicle, and the fact that the plaintiff Ellen A. Normand was not licensed in Massachusetts to operate a motor vehicle is implied rather than expressly found.

The auditor found as a fact "that at the time of the accident the registrar of Massachusetts under and by virtue of" G. L. c. 90, § 3, as amended by St. 1923, c. 431, § 1, "had determined that the State of Rhode Island granted to residents of Massachusetts privileges similar to those set forth in the statute last quoted and that as between the two States these privileges were reciprocal." The auditor found also that the plaintiff Ellen A. Normand was not the "chauffeur" of the plaintiff Clarence J. Peabody, and was not "employed" by him, but was his "agent . . . by him delegated" to operate the automobile, and made the following statement: "There was no evidence offered before me, and therefore, I cannot find, that the registrar of Massachusetts ever 'finally determined' that the State of Rhode Island had granted privileges similar to those set forth in the statute just quoted [G. L. c. 90, § 10, as amended] to residents of Massachusetts, or that the State of Rhode Island prescribes and enforces standards of fitness for operators of motor vehicles substantially as high as those prescribed and enforced by the Commonwealth of Massachusetts." In his report, however, the auditor refers to "the failure of the registrar of Massachusetts to make the final determination set forth in G. L. c. 90, § 10, as amended," and the case was treated by the parties on the basis that there was no such final determination. See, however, *Potter* v. *Gilmore*, 282 Mass. 49, 56.

The auditor in his report stated "the view of the law upon which his finding depends" (G. L. [Ter. Ed.] c. 221, § 56), in certain particulars, in the following findings and rulings: "the plaintiff Ellen A. Normand was at the time of the accident violating a statute of Massachusetts forbidding a person to operate a motor vehicle upon a way unless licensed. . . . the plaintiff Clarence J. Peabody in allowing the plaintiff Ellen A. Normand to operate his motor vehicle upon a Massachusetts highway was violating a Massachusetts statute, forbidding an owner to allow an unlicensed person to operate his vehicle upon a Massachusetts highway. . . . the aforesaid violation of the statute by the plaintiff Ellen A. Normand is evidence of her negligence in

the premises and to be considered by me in determining her negligence with all the other evidence in the case, tending to prove her negligence," and "the violation of the statute by the plaintiff Clarence J. Peabody is evidence of his negligence in the premises and to be considered by me in determining his negligence, with all the other evidence in the case, tending to prove his negligence." The auditor found that neither such statutory violation by the plaintiff Ellen A. Normand nor such statutory violation by the plaintiff Clarence J. Peabody was "a cause contributing directly to the accident or the injuries resulting therefrom."

G. L. c. 90, § 9, in the amended form appearing in St. 1929, c. 180, in force at the time of the accident, provided in part that "No person shall operate any motor vehicle . . . and the owner or custodian of such a vehicle shall not permit the same to be operated upon or to remain upon any way except as authorized by section three, unless such vehicle is registered in accordance with this chapter." G. L. c. 90, § 10, in the amended form appearing in St. 1929, c. 262, in force at the time of the accident, provided in part that "No person shall operate a motor vehicle upon any way unless licensed under this chapter, except as is otherwise herein provided." And § 12 provided in part: "No person shall allow a motor vehicle owned by him or under his control to be operated by any person who has no legal right so to do, or in violation of this chapter."

G. L. c. 90, § 3, as amended by St. 1923, c. 431, § 1, in force at the time of the accident, provided, so far as here material, that "a motor vehicle or trailer owned by a non-resident who has complied with the laws relative to motor vehicles and trailers, and the operation thereof, of the state or country in which he resides may be operated on the ways of this commonwealth without registration except as otherwise provided in section ten; provided, that said state or country grants similar privileges to residents of this commonwealth; this section, however, shall be operative as to a motor vehicle or trailer owned by a non-resident only to the extent that under the laws of the foreign country or state of his residence like exemptions and privileges are

granted to motor vehicles and trailers duly registered under the laws of and owned by residents of this commonwealth; and the registrar shall determine what states or countries grant similar privileges and the extent of the privileges so granted, and his determination shall be final." G. L. c. 90, § 10, as amended, in force at the time of the accident, provided in part that "During the period within which a motor vehicle of a non-resident may be operated on the ways of the commonwealth in accordance with section three, such vehicle may be operated by its owner or by his chauffeur or employee without a license from the registrar if the operator is duly licensed under the laws of the state or country in which he resides, or has complied fully with its laws respecting the licensing of operators of motor vehicles and has such license or evidence of such compliance on his person or in the vehicle in some easily accessible place; and a non-resident who holds a license to operate motor vehicles under the laws of the state or country in which he resides, and has the license on his person or in the vehicle in some easily accessible place, may at any time operate, without a license from the registrar, any type of motor vehicle which he is licensed to operate under said license, irrespective of the ownership of such vehicle, provided, that the laws relative to registration are complied with and that, as finally determined by the registrar, his state or country grants substantially similar privileges to residents of this commonwealth and prescribes and enforces standards of fitness for operators of motor vehicles substantially as high as those prescribed and enforced by this commonwealth."

The general purpose embodied in the statutes regulating the operation of motor vehicles is to render such operation unlawful unless two distinct requirements are met, namely, that the motor vehicle be registered and that the operator thereof be licensed. But there are exceptions to these requirements. We treat the case, as the parties have treated it, on the basis that the plaintiff Ellen A. Normand, who was not licensed in Massachusetts to operate a motor vehicle, was also not within any exception to the require-

ment that an operator be licensed. However, operation of a motor vehicle without a license is merely evidence of negligence and, in view of the finding of the auditor that the statutory violation by Ellen A. Normand was not "a cause contributing directly to the accident or the injuries resulting therefrom," the plaintiffs are not barred from recovery in these actions on the ground that the plaintiff Ellen A. Normand, the operator of the automobile, was an unlicensed person. *Bourne* v. *Whitman*, 209 Mass. 155, 171. *Holland* v. *Boston*, 213 Mass. 560. *Conroy* v. *Mather*, 217 Mass. 91, 93. *Farr* v. *Whitney*, 260 Mass. 193, 195–196. Similarly, the statutory violation by the plaintiff Clarence J. Peabody in allowing an unlicensed person to operate his automobile, since not such a contributing cause, does not bar recovery in these actions. See *Gordon* v. *Bedard*, 265 Mass. 408, 412–413.

The defendant contends, however, that the plaintiffs are barred from recovery on the ground that the automobile was unregistered and was not within the exception from the requirement of registration. The registrar made the determination in regard to the exemptions and privileges granted by the laws of Rhode Island to motor vehicles "duly registered under the laws of and owned by residents of this commonwealth," required by G. L. c. 90, § 3, as amended, as a condition of operation without registration of the automobile owned by the plaintiff Clarence J. Peabody. Therefore, this automobile was within the exception from the requirement of registration unless, by reason of the provision that a motor vehicle "may be operated on the ways of this commonwealth without registration *except as otherwise provided in section ten*" (italics ours) (G. L. c. 90, § 3, as amended), such automobile was taken out of that exception by the fact that the nonresident operator was not excepted under the provisions of said § 10 as amended from the requirement of a license in Massachusetts to operate motor vehicles.

We think that the fact that the nonresident operator operated the automobile in violation of said § 10 as amended did not, as contended by the defendant, put that automo-

bile in the position of a motor vehicle which could not lawfully be operated on the ways of the Commonwealth without registration and was subject to the usual incidents of operation of unregistered motor vehicles. See *Potter* v. *Gilmore*, 282 Mass. 49, 50, and cases cited.

The phrase in G. L. c. 90, § 3, as amended, "except as otherwise provided in section ten," relied on by the defendant to produce the result for which he contends, first appeared in St. 1909, c. 534, § 3. Previously it was provided that an automobile owned by a nonresident might be operated by its owner in this Commonwealth "for a period not exceeding seven days without the license, certificate of registration and number plates furnished by the Massachusetts highway commission." St. 1908, c. 648, § 3. There was nothing in that statute to indicate that a violation of the law relative to licensing of operators necessarily resulted in a violation of the law relative to registration. As directed by Res. 1908, c. 127, the Massachusetts highway commission reported to the General Court "a complete consolidation and arrangement of the laws of the commonwealth relating to automobiles and motor cycles." House Document 1909, No. 1310. In its draft of a bill for this purpose the commission used the language relied on by the defendant, embodied in St. 1909, c. 534, § 3, and retained in the later statutes. But the commission did not suggest, in its annotations to the bill, that this language was intended to effect any change in the existing law. See *Worcester County National Bank* v. *Commissioner of Corporations & Taxation*, 275 Mass. 216, 218. Since, in St. 1909, c. 534, the provisions for exemption of a nonresident from the requirements of registration and of a license to operate were separated, it was natural that in the section (§ 3) dealing with exemption from registration reference should be made to the section (§ 10) prohibiting the operation of a motor vehicle by an unlicensed person not excepted from the requirement of a license to operate in order to preclude a possible interpretation of the affirmative grant in said § 3 of permission to operate motor vehicles on the ways of the Commonwealth as permitting, in spite

of the prohibition in § 10, the operation of motor vehicles by persons not licensed to operate in Massachusetts and not within the limited exception from the requirement of being licensed, which then extended only to the "owner", "his chauffeur or employee."

Section 3 in St. 1909, c. 534, and the same section in later statutes, unlike the corresponding section in St. 1908, c. 648, deals only with the exception from the requirement of registration, and leaves the requirement of an operator's license and exceptions therefrom to be dealt with by § 10. Section 10 in St. 1909, c. 534, and the same section in later statutes, deals with the requirement of an operator's license, and only incidentally with the requirement of registration, and does not prohibit operation "without registration." This section is entitled in G. L. c. 90, "Operation without license." See *Wheelwright* v. *Tax Commissioner*, 235 Mass. 584, 585. Consequently, the phrase "except as otherwise provided in section ten," as used in § 3, as amended, must be regarded as creating an exception to the general permission to operate rather than an exception to permission to operate without registration. This phrase must be taken as modifying the word "operated," rather than the words "operated . . . without registration," so that § 3, as amended, is to be interpreted as if it had provided that a motor vehicle owned by a nonresident "may be operated, except as otherwise provided in section ten, on the ways of this commonwealth without registration" if it is determined that "like exemptions and privileges are granted to motor vehicles" of residents of this Commonwealth.

Under the statutes interpreted as above set forth, though violations, by nonresidents, of G. L. c. 90, § 10, as amended, and of G. L. c. 90, § 9, as amended, modified by § 3, as amended, may concur, a violation of said § 10 by a nonresident does not necessarily result in a violation of said § 9, modified by said § 3. The statutes relative to the operation of motor vehicles owned or operated by nonresidents, so interpreted, are in accord with the provisions of law relative to the operation of motor vehicles owned

or operated by residents, under which provisions operation of an unregistered motor vehicle and operation of a motor vehicle by an unlicensed person are independent statutory violations. That the extension by St. 1929, c. 262, of the exception from the requirement for an operator's license to nonresidents "irrespective of the ownership" of a motor vehicle was limited to motor vehicles with respect to which "the laws relative to registration are complied with" does not indicate that the converse is true — that the operation of an unregistered motor vehicle, so far as the prohibition of operation without registration is concerned, is conditional upon compliance also with the laws relative to the licensing of operators.

Violation of G. L. c. 90, § 10, as amended, is a crime for which a penalty is imposed by G. L. (Ter. Ed.) c. 90, § 20. See *Rog* v. *Eltis*, 269 Mass. 466, 468; *Commonwealth* v. *Sabean*, 275 Mass. 546. So also is violation of G. L. c. 90, § 9, as amended, modified by § 3, as amended. *Gould* v. *Elder*, 219 Mass. 396, 398. Penal statutes, though important in the interest of public safety, are construed strictly. *Libby* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 522, 525. It would require clearer language than that in G. L. c. 90, § 3, as amended, to make every violation of G. L. c. 90, § 10, as amended, by a nonresident operator of an unregistered automobile owned by a nonresident also a violation of § 9, as amended, modified by § 3, as amended, which would be the result if the defendant's interpretation of the statutes were adopted. And the drastic results, in the matter of civil liability, of operation of an unregistered motor vehicle cannot be carried over into other violations of the laws regulating the operation of motor vehicles without clearer reasons therefor than are disclosed by these statutes. See *Bourne* v. *Whitman*, 209 Mass. 155, 169–171.

It is not necessary to determine whether any different interpretation should be made of the statutes as they have been amended since the accident occurred.

The violation by the plaintiff Clarence J. Peabody, owner of the automobile, of G. L. c. 90, § 12, is based upon

the violation by the plaintiff Ellen A. Normand, the operator thereof, of § 10, as amended, and partakes of its nature.

Since the automobile owned by the plaintiff Clarence J. Peabody and operated by the plaintiff Ellen A. Normand was not on the highway in violation of G. L. c. 90, § 9, as amended, modified by § 3, as amended, and the only statutory violations shown were violations of G. L. c. 90, § 10, as amended, and of § 12, the statutory violations were merely evidence of negligence. And since, as the auditor found, these statutory violations were not contributing causes of the accident, they do not bar recovery by these plaintiffs. The auditor's view of the law in these particulars, as stated in his report, was correct.

*Exceptions overruled.*