Sullivan, J.
In ■ this action of tort, the plaintiff, a minor, sixteen years old, seeks damages for injuries alleged to have been received by him because of the negligent operation of an automobile owned and operated by the defendant on a public way in Peabody on January 4, 1937 at about 2:30 p. m. This case was tried with a companion case in which the plaintiff’s mother sought consequential damages.
The answer set up a general denial and a plea of contributory negligence.
There was evidence on behalf of the plaintiff that he was riding his bicycle, upon which there was no bell, on the right side of Foster. Street, Peabody; that the road was dry and the day bright when he saw the defendant’s automobile approaching on its right side some distance away at 25-30 miles an hour; that the operator of the automobile made a sudden left turn into a driveway of the Marshall *91 Leather Company; that.the plaintiff thereupon turned his bicycle toward the sidewalk at his right, when he was hit by the front part of the automobile while on the sidewalk; that he was picked up from the sidewalk; that he did not know that any.glass was broken; that he had no permit from the City of Peabody to operate the bicycle; that the bicycle was found broken on the sidewalk and there was-broken glass on the sidewalk in front of the driveway; that the defendant informed an officer, who appeared on the scene, that he did not see the plaintiff when he struck him on the sidewalk; and the sun, which was ■ strong at the time, he thought prevented him from seeing the boy.
It is the contention of the defendant that he was operating his car at about 15 miles an hour; that when he approached the driveway to make a left turn he was moving at 8-15 miles an hour and before making, the turn he looked and saw nothing coming down Foster Street; and that at the time the sun, which was shining against him, made it difficult for him to see; that as his front wheels were at the edge of the sidewalk, the plaintiff’s bicycle struck the left front part of the automobile; that he applied his brakes at once and his car moved but two feet after the impact; that he saw the boy for the first time when he-picked him up- from the sidewalk; that the left front headlight of his car was broken; that his two front wheels were on the sidewalk; that he did not use his brakes prior to the contact or before he began his left turn to enter the driveway; that the automobile did not run over the plaintiff.
The report contains all the evidence material to the issues involved.
The defendant admits that the action of the trial court in denying his requests one and three did not constitute prejudicial error, but contends the denial of his request No. 2 i. e. “Failure on the part of the plaintiff to have his *92 bicycle equipped with a bell in accordance with Chapter 85 Section 13 is evidence of negligence on the part of this plaintiff in this action,” is prejudicial error. There was a finding for the plaintiff.
The general finding in favor of the defendant imports the drawing of all rational inferences to support that conclusion which is permissible on the evidence and a finding of subsidiary facts conducing to that result of which the testimony is susceptible.
The credibility of the witnesses is exclusively for the trial judge. Clarence E. Doldham, et al. vs. Albert E. Peterson, Mass. Adv. Sh. (1937) 1019. Standard Oil Co. of N. Y. vs. Malaguti, 269 Mass. 126, 129. Topjian vs. Boston Casing Co., Inc., 288 Mass. 167. MacDonald vs. Adamian, Mass. Adv. Sh. (1936) 851, 854.
The single issue raised by the defendant is whether or not the violation of G. L. (Ter. Ed.) C. 85 §13 amounted to negligence. The pertinent part of the- statute in question is, “Whoever, without such a permit, rides a bicycle in or upon a public way ... or rides it or upon any such place without a suitable alarm bell adapted for use. by the rider . . . shall be punished by a fine of not more than, twenty dollars . . . ”
There was testimony by the plaintiff that he had no bell attached to his bicycle, nor did he have a permit from the City of Peabody to drive it through the streets of the city.
It is. the contention of the defendant that the violation of the statute by the plaintiff was evidence of negligence on the part of the latter and that he cannot recover because of such negligence; in other wolds the plaintiff is guilty of contributory negligence.
In Perry v. Stanfield, 278 Mass. 563, 570, Rugg, C. J. in commenting on the rule laid down by Knowlton, C. J. in Bourne vs. Whitman, 209 Mass. 155, 166, 167 says,. “The *93 rule there amplified with affluent reference to decided cases is in substance that a plaintiff engaged in a criminal act at the time of suffering injury through the negligence of another is not by that fact alone precluded from recovery of damages. He is so precluded provided the element of criminality directly contributes to his injury. He is not so precluded provided the element of criminality does not directly contribute to his injury. The law on the civil side will not aid a violator of the criminal law in seeking relief from the consequence of his transgression; but it will not deny relief if the illegal factor in the conduct of a plaintiff has no causal connection with the injury for which he asks compensation. The distinction is between an illegal act' which is a mere condition and an illegal act which is a contributing cause.” See cases cited on page 570.
The trial court could have found that the lack of á bell was a mere condition and not a contributing cause to the plaintiff’s injury, and the criminal act in not having a bell attached to the bicycle had no causal connection with injury for which the plaintiff sought compensation. Peabody vs. Campbell, 286 Mass. 295.
In Stowe vs. Mason, 289 Mass. 577, 583, the court states that, “It has long been settled that where a vehicle is rightfully upon a public way, but is for the time being in a position thereon which is in violation of some ordinance or binding regulation, its presence in the forbidden spot is not commonly as matter law a proximate cause of a collision. It may only be a circumstance and not a cause and the question is generally one of fact.” Newcomb v. Boston Protective Dep’t, 146 Mass. 596, 604. Falk vs. Finkelman, 268 Mass. 524. Wall vs. King, 280 Mass. 577 and cases cited.
*94 It was decided in Minnehan vs. Hiland, 278 Mass. 518, 523 that the jury were warranted in finding negligence on the part of the defendant and the fact that the plaintiff acted contrary to the provision of the statute (G. L. C. 85 §31) will not preclude recovery as it would be found that such violation did not contribute to the damage to the plaintiff’s truck. See Peabody vs. Campbell, supra.
In the above case it was stated that the act of the plaintiff in operating his automobile without a license, which is a violation of the statute, is evidence of the plaintiff’s negligence to be considered with all the other evidence in the case, tending to prove his negligence. It was found that the violation of the statute by the plaintiff was not “a cause contributing directly to the accident or the injuries received.”
The defendant’s request was a correct statement of law and should have been given. Its denial was not prejudicial to the defendant’s cause as there was evidence that the defendant did not see the plaintiff until after he struck him down; that the sun troubled the defendant in his operation of the automobile; that he did not apply his brakes until after contact with the boy, when the latter was on the sidewalk, operating his bicycle, where the boy had gone to avoid the collision.
The negligence of the plaintiff in operating his bicycle, in violation of the statute is to be considered in determining his negligence with all the other evidence in the case tending to prove his negligence and the trial judge could have found that the violation of the statute was not “a cause contributing directly to the accident or the injuries received.” Peabody vs. Campbell, supra. See Home vs. Bardwell, 287 Mass. 121. Kenyon v. Hathaway, 274 Mass. 47, 55 and cases cited. Wainwright vs. Jackson, Mass. Adv. Sh. (1935) 1405, 1407 and cases cited. Goddard vs. *95 Bedard, 265 Mass. 408, 412. McDonough vs. Vozzela, 247 Mass. 552.
The denial of defendant’s requests was not prejudicial error and clearly his substantial rights were not injuriously affected. They have suffered no real harm. Freeman vs. Robinson, 238 Mass. 449, 452 and cases cited. Wm. H. Slocum et al. trustees vs. Natural Products Co., Mass. Adv. Sh. (1935 ) 2489, 2492.
Report dismissed.