BERNARD E. NICKERSON *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.    November 7, 1945. — February 28, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Way,* Public: traffic regulation. *Municipal Corporations,* By-laws and
ordinances. *Cambridge. Error,* Whether error harmful. *Practice,
Civil,* Exceptions: whether error harmful.

An ordinance of the city of Cambridge, "No driver of a vehicle shall
make a left turn from Somerville Avenue into Massachusetts Avenue
. . . excepting at a point beyond . . . the loading platform . . . in
Porter Square," should not have been admitted in evidence at the
trial of an action for personal injuries sustained when the plaintiff
was struck by a motor bus of the defendant while making a left turn
wholly within Porter Square, all of the area of which was a part of
Massachusetts Avenue, after it had proceeded straight into the square
from Somerville Avenue, which ended at the edge of the square: there
was no turn to which the ordinance applied.

Error in the admission in evidence, at the trial of an action for personal
injuries sustained when the plaintiff was struck by a motor bus of the
defendant, of a traffic ordinance which had no application to the con-
duct of the operator of the bus, was prejudicial to the defendant,
although there was evidence of negligence in the operation of the bus,
where the jury were instructed in substance that they could find that
the ordinance had been violated by the operator and that, if it was,
and the violation caused the accident, that would be evidence of
negligence and might even be conclusive.

TORT.    Writ in the Superior Court dated March 14, 1944.

The case was tried before *Good,* J.    There was a verdict
for the plaintiff.

*R. B. Snow,* (*A. F. Bickford* with him,) for the defendant.

*A. V. Harper,* for the plaintiff.

SPALDING, J.    The plaintiff was injured as a result of
being run over by a bus owned and operated by the de-
fendant.    The bill of exceptions states that "there was
evidence of the plaintiff's due care and the defendant's
negligence."    The only questions for decision arise from
exceptions taken by the defendant to the admission in evi-
dence of an ordinance of the city of Cambridge and to the
portion of the judge's charge which dealt with it.

The accident happened in Porter Square, Cambridge. Massachusetts Avenue comes into Porter Square from the south as shown on the plan set forth below. As the plan indicates, all of the area in Porter Square is part of Massachusetts Avenue. The dividing line between Massachusetts Avenue and Somerville Avenue is somewhere between

the buildings on the east and west corners of White Street. There is a bus stop on the north side of Porter Square about one hundred twenty feet west of White Street. It is to be noted that on the southwest side of the square there are two platforms (between which car tracks run) on which are located the direction signs appearing on the plan.

The facts relating to the accident are these: Between nine and ten o'clock in the evening of April 19, 1943, the

defendant's bus, which had come into Porter Square from Somerville Avenue, stopped at the bus stop on the north side of the square for the purpose of discharging passengers. After the passengers had been discharged, the driver of the bus "started out from the curbing with the intention of making a left turn" in order to return to Somerville Avenue where, at a point just beyond White Street, he was to take on passengers for the return trip. (No contention is made that he was attempting to proceed south on Massachusetts Avenue.) While the bus was turning it ran over the plaintiff. The place of the accident could have been found to be approximately twenty-five to thirty-five feet northeast of the southerly end of the wooden platform shown on the plan.

Subject to the defendant's exception the following ordinance of the city of Cambridge was admitted in evidence: General Ordinance, c. 28, art. 8, § 10: "Left turns prohibited. No driver of a vehicle shall make a left turn from Somerville Avenue into Massachusetts Avenue, westerly, excepting at a point beyond the northern end of the loading platform located in Porter Square." The defendant concedes that the ordinance was in effect at the time of the accident, and the exception does not raise any question as to its authenticity. See St. 1943, c. 190, amending G. L. (Ter. Ed.) c. 233, § 75.

The defendant argues that the ordinance had no application to the facts in the present case because its bus at the time of the accident was not making "a left turn from Somerville Avenue into Massachusetts Avenue, westerly," within the meaning of the ordinance. The meaning of the ordinance is obscure. If its purpose was to prohibit a so called "U" turn such as the driver of the bus was making, it could only apply, strictly speaking, if it were attempted at a point opposite White Street where Somerville Avenue and Massachusetts Avenue meet, for otherwise there would be no "left turn from Somerville Avenue into Massachusetts Avenue." If it was designed to prohibit what the driver actually did here, it has not said so. At the time of the accident the driver was not making a left turn from Somerville Avenue into Massachusetts Avenue; he was

already in Massachusetts Avenue and had arrived there in a manner which did not violate the ordinance. He was making a left turn *in* Massachusetts Avenue and not *from* Somerville Avenue into Massachusetts Avenue. We find nothing in the ordinance that forbids this.

It is conceivable, as the defendant has argued, that the ordinance was designed to prevent one coming into Porter Square from Somerville Avenue from turning left and proceeding south on Massachusetts Avenue "excepting at a point beyond the northern end of the loading platform located in Porter Square." But even this interpretation presents difficulties because actually there can be no left turn south into Massachusetts Avenue from Somerville Avenue; such a turn can be made only after one is already in Massachusetts Avenue. But however that may be, it is enough for present purposes to say that the ordinance, fairly construed, does not reach the conduct of the driver in the case before us. The ordinance, being penal in nature, is to be strictly construed and is not to be enlarged to comprehend matters beyond its plain import. *Commonwealth* v. *Hayden*, 211 Mass. 296. *Libby* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 522, 525–526. *Peabody* v. *Campbell*, 286 Mass. 295, 304.

It follows that, since the ordinance was not applicable, there was error in admitting it in evidence. We cannot say that the error did not injuriously affect the substantial rights of the defendant (see G. L. [Ter. Ed.] c. 231, § 132) especially since the judge in substance instructed the jury, subject to the defendant's exception, that they could find that the ordinance was violated, and that if it was, and the violation caused the accident, that would be evidence of negligence and might even be conclusive. *Labrie* v. *Midwood*, 273 Mass. 578, 582. *Lockling* v. *Wiswell*, 318 Mass. 160, 165.

Since the other exception was to that part of the charge that dealt with the ordinance, we need not discuss it; the question argued will not arise on the retrial of the case.

*Exceptions sustained.*