DIRECTOR OF THE DIVISION OF MILK CONTROL *vs.* VASILIOS S. HASEOTES & others.

Suffolk. October 6, 1966. — November 7, 1966.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Milk.*

G. L. c. 94A, § 14 (d), is limited in scope to the "sale" of milk, or services rendered in connection therewith, at a price less than cost, and in the circumstances did not bar the giving away of milk by dairy stores to "lucky winners" whose names were drawn from among contestants at anniversary celebrations held by the stores.

BILL IN EQUITY filed in the Superior Court on August 17, 1965.

The suit was heard by *Kalus, J.*

*Bernard N. Abrams* for the plaintiff.

*Roger P. Stokey* for the defendants.

REARDON, J. This is an appeal from a final decree dismissing the bill of the director of the division of milk control, which was brought pursuant to G. L. c. 94A, § 22, and which seeks to restrain the corporate and individual defendants from violations of § 14 (d) of c. 94A. We refer to the findings of the trial judge.

The defendants are in the business of selling milk and other dairy products and grocery items in retail stores which they own and operate under the name "Cumberland Farms" throughout the Commonwealth and in other New

England States. In May, 1964, and May, 1965, Cumberland Farms held "seventh and eighth anniversary celebrations," at which times they had "a 'contest' or 'drawing' at each of their stores, where any person could fill out a 'contest entry form' (without making any purchase)." At the conclusion of the ten day contests, one name was drawn from among the contestants at each of the stores and "lucky winners" thereafter received a half gallon of milk every other day for a year. Four hundred quarts of milk a day were thus given away by the Cumberland Farms stores. Approximately 2,300,000 quarts of milk are sold to the consuming public daily in Massachusetts. The question presented for review is whether the giving away of milk in these circumstances violates § 14 (d) of c. 94A.

General Laws c. 94A, § 14 (d), reads in part as follows: "No person shall sell within the commonwealth any milk, or render any service in connection with the sale or distribution of milk, at a price less than the cost of such milk or service, including, in the case of milk sold, the original purchase price thereof, and in every instance all regular direct or indirect elements of cost of service, physical handling and financial investment in the milk in question. . . ."

The plaintiff contends that the activities of the defendants described above are prohibited by the statute in that the legislative history discloses "that all milk sold or offered or exposed for sale, or any service rendered in connection with milk, was under the regulation and control of the [milk control] Board or the Commission," and that since the act prohibits the sale of milk below cost it must necessarily follow that it likewise prohibits the giving away of milk.

As the trial judge pointed out, the statute which is the basis of the petition is a criminal statute and as such is to be strictly construed. *Commonwealth* v. *Paccia*, 338 Mass. 4, 6. *Lustwerk* v. *Lytron, Inc.* 344 Mass. 647, 653. The statute prohibits the "sale" or rendering of "any service in connection with the sale or distribution of milk, at a price less than the cost of such milk or service . . . ." It does

not expressly prohibit any person from giving away milk. Since the statute is criminal in nature, it "is not to be enlarged to comprehend matters beyond its plain import." *Nickerson* v. *Boston Elev. Ry.* 319 Mass. 220, 223.

This construction limiting § 14 (d) to the "sale" of milk is consistent with the purpose of statutes such as the milk control law which seek to prevent unbridled competition from destroying the wholesale price structure on which the farmer depends for his livelihood and the community for an assured supply of milk.[1]   See *Nebbia* v. *New York,* 291 U. S. 502, 530.   It has not been shown that this promotional sales scheme is violative of the legislative intent to protect the farmer and the public.[2]   The judge took the view that the Legislature, foreseeing the problems inherent in any attempt to forbid the giving away of milk, carefully limited the scope of § 14 (d) to the "sale" of milk, or services rendered in conjunction therewith, for a price less than cost.

We are in agreement with his conclusion.   The defendants have employed a competitive device which is not clearly barred by the statute.   It may be that an abuse of this device or others similar to it may at some point conflict with the provisions of the milk control act.   Such abuse may be dealt with at the appropriate time.   *Despatchers' Cafe Inc.* v. *Somerville Housing Authy.* 332 Mass. 259, 263. In the circumstances above set forth the order must be

*Decree affirmed.*

---

[1] The preamble of the original law, St. 1934, c. 376, § 1, stated that the statute was necessary in that the supply of milk was "threatened by conditions adversely affecting the prosperity and even the continuance of such industry, largely because of the disparity between the price of milk received by the producers and the prices said producers are required to pay for other essential commodities . . . ."   See also G. L. c. 94A, § 25.

[2] There was evidence before the trial judge that the director of the division encouraged the gift of milk by distributors to charities, church bazaars and affairs, and other community service organizations.